LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SEFERINO LEONARDO,
*on behalf of himself,*
*FLSA Collective Plaintiffs*
*and the Class,*

Plaintiff,

v.

ASC, INC.,
151 MULBERR ST. CORP.,
164 MULBERRY ST. COPR.,
P.J.'S OF LITTLE ITALY, INC.,
133 MULBERRY STREET RESTAURANT, LLC,
7324 AMBOY ROAD, LLC,
191 GRAND RESTAURANT CORP.,
3333 HYLAN BLVD. FOOD CORP.,
ANNETTE SABATINO, and
NICHOLAS CRISCITELLI,

Defendants.

---

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff, SEFERINO LEONARDO ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, ASC, INC. d/b/a LA NONNA, 151

MULBERR ST. CORP. d/b/a IL PALAZZO, 164 MULBERRY ST. COPR. d/b/a DA NICO, P.J.'S OF LITTLE ITALY, INC. d/b/a PELLEGRINOS, 133 MULBERRY STREET RESTAURANT LLC d/b/a SPQR, 7324 AMBOY ROAD, LLC d/b/a DANICO OF MULBERRY STREET, 191 GRAND RESTAURANT CORP. d/b/a NOVELLA, 3333 HYLAN BLVD. FOOD CORP. d/b/a TORRONE, (the "Corporate Defendants"), ANNETTE SABATINO and NICHOLAS CRISCITELLI (the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) compensation for unpaid off-the-clock work due to time shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) compensation for unpaid off-the-clock work due to time shaving, (2) statutory penalties, (3) liquidated damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

5. Plaintiff, SEFERINO LEONARDO, for all relevant time periods, was a resident of Bronx County, New York.

6. Defendants operate eight restaurants as a single integrated enterprise at the following addresses:

(a) LA NONNA – 134 MULBERRY STREET, New York, NY 10013;

(b) IL PALAZZO – 151 MULBERRY ST, New York, NY 10013;

(c) DA NICO – 164 MULBERRY ST, New York, NY 10013;

(d) PELLEGRINOS – 138 MULBERRY STREET, NEW YORK, NEW YORK 10013-4722

(e) SPQR – 133 MULBERRY ST, NEW YORK, NY 10013;

(f) DANICO OF MULBERRY STREET –7324 AMBOY ROAD, STATEN ISLAND, NEW YORK 10307;

(g) NOVELLA – 191 GRAND STREET, NEW YORK, NEW YORK 10013

(h) TORRONE – 3333 HYLAN BLVD, STATEN ISLAND, NY 10306

(collectively the "Restaurants").

8. While the Restaurants operate under different trade names, the Restaurants operate as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose:

(a) The Restaurants are commonly owned and operated by the Individual Defendants, ANNETTE SABATINO and NICHOLAS CRISCITELLI.

(b) LA NONNA, SPQR, and PELLEGRINOS' websites provide the same e-mail address (sqpr133@live.com) as the contact email address for the Restaurants.

(c) Specifically, LA NONNA and PELLEGRINOS share the same menu. On the website of LA NONNA, it's advertised that "PELLGRINO'S MENU NOW BEING SERVED AT LA NONNA!" (See **Exhibit A**)

(d) DANICO OF MULBERRY STREET is a counterpart of DA NICO in Staten Island. They also share the same menu. (See **Exhibit B**)

(e) The Restaurants have been publicly advertised to the general public, customers and employees as a single integrated enterprise owned and operated by the same group of owners, and the various business operations are marketed as part of a single entity. *See* **Exhibit C**, a copy of a DA NICO, IL PALAZZO, and PELLEGRINOS's article at New York Post Magazine; **Exhibit D**, a copy of an article describes IL PALAZZO, PELLEGRINOS, DA NICO, and TORRONE as CRISCITELLI's family business

(f) Specifically, Individual Defendants ANNETTE SABATINO and NICHOLAS CRISCITELLI are both listed as "Principal" on the active New York State On-Premises Liquor Licenses for the Restaurants. *See* **EXHIBIT E**, the Restaurants' On-Premises Liquor License Records.

(g) LA NONNA, SPQR, and TORRONE share the same DOS and use the same law firm, LAW OFFICES OF ARNOLD N KRISS on the NYS Department of State. *See* **Exhibit F**

(h) The Restaurants share centralized system of labor relations for employees at the Restaurant locations

(i) Supplies are interchangeable amongst the Restaurant locations

(j) Employees are interchangeable amongst the Restaurants' locations.

9. Corporate Defendants:

(a) ASC, INC. d/b/a LA NONNA is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at 123 WILLIAM STREET/ 22ND FL, NEW YORK, NEW YORK 10038. ASC, INC. owns and operates LA NONNA located at 134 MULBERRY STREET, NEW YORK, NEW YORK 10013.

(b) 151 MULBERR ST. CORP. d/b/a IL PALAZZO is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at 151 MULBERRY STREET, NEW YORK, NEW YORK 10013. 151 MULBERR ST. CORP. owns and operates IL PALAZZO located at 151 MULBERRY STREET, NEW YORK, NEW YORK 10013.

(c) 164 MULBERRY ST. COPR. d/b/a DA NICO is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at 164 MULBERRY ST, NEW YORK, NEW YORK 10013. 164 MULBERRY ST. COPR. owns and operates DA NICO located at 164 MULBERRY ST, NEW YORK, NEW YORK 10013.

(d) P.J.'S OF LITTLE ITALY, INC. d/b/a PELLEGRINOS is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at 138 MULBERRY STREET, NEW YORK, NEW YORK 10013-4722. P.J.'S OF LITTLE ITALY, INC. owns and operates PELLEGRINOS located at 138 MULBERRY STREET, NEW YORK, NEW YORK 10013-4722.

(e) 133 MULBERRY STREET RESTAURANT LLC d/b/a SPQR is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at 123 WILLIAM STREET/ 22ND FL, NEW YORK, NEW YORK 10038. 133

MULBERRY STREET RESTAURANT LLC owns and operates SPQR located at 133 MULBERRY ST, NEW YORK, NEW YORK 10013.

(f) 7324 AMBOY ROAD, LLC d/b/a DANICO OF MULBERRY STREET is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at 7324 AMBOY ROAD, STATEN ISLAND, NEW YORK 10307. 7324 AMBOY ROAD, LLC owns and operates DANICO OF MULBERRY STREET located at 7324 AMBOY ROAD, STATEN ISLAND, NEW YORK 10307.

(g) 191 GRAND RESTAURANT CORP. d/b/a NOVELLA is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at 191 GRAND STREET, NEW YORK, NEW YORK 10013. 191 GRAND RESTAURANT CORP. owns and operates NOVELLA located at 191 GRAND STREET, NEW YORK, NEW YORK 10013.

(h) 3333 HYLAN BLVD. FOOD CORP. d/b/a TORRONE is a domestic business corporation organized under the laws of the State of New York with an address for service of process located at 123 WILLIAM STREET/ 22ND FL, NEW YORK, NEW YORK 10038. 3333 HYLAN BLVD. FOOD CORP. owns and operates TORRONE located at 3333 HYLAN BLVD, STATEN ISLAND, NEW YORK 10306.

10. Individual Defendant, ANNETTE SABATINO is an owner and principal of all of the Corporate Defendants. Defendant ANNETTE SABATINO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. She exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff,

FLSA Collective Plaintiffs and the Class. At all times, ANNETTE SABATINO had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

11. Individual Defendant, NICHOLAS CRISCITELLI, the son of Individual Defendant ANNETTE SABATINO, is an owner and principal of all of the Corporate Defendants. Defendant NICHOLAS CRISCITELLI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, NICHOLAS CRISCITELLI had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

12. At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the business operated by Defendants.

14. Although Plaintiff did not work at all of the Restaurants, all of the Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because the eight Restaurants share identical illegal wage and hour policies, the

Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the Class members for whom Plaintiff seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to waiters, busboys, runners, servers, food preparers, and dishwashers employed by Defendants on or after the date that is six years before the filing of the Complaint ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them wages due to time-shaving. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including but

not limited to waiters, busboys, runners, servers, food preparers, dishwashers, and delivery persons employed by Defendants on or after the date that is six years before the filing of the Complaint (the "Class Period").

19. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of waiters, servers, runners, delivery persons and busboys ("Tipped Subclass").

21. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, including (i) failing to pay wages due to time-shaving, (ii) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each

Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures. .

22. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e) Whether Defendants properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

f) Whether Defendants established the tip payment structure for the Tipped Subclass members;

g) Whether Defendants took the proper amount of tip credit allowance under the New York Labor Law;

h) Whether Defendants required Tipped Subclass members to perform non-tipped duties exceeding twenty percent (20%) of each workday;

i) Whether Defendants established the tip payment structure for Class members without the agreement or consent of the Class members;

j) Whether Defendants mandated an unlawful tip-pooling scheme whereby Plaintiff and Class members were required to share tips earned with non-tipped employees;

i) Whether Defendants provided to Plaintiff and Class members proper wage and hour notices at date of hiring, per requirements of the New York Labor Law;

j) k) Whether Defendants paid the "spread of hours" premium owed to Plaintiff and Class members working more than ten hours per day as required by New York Labor Law;

l) Whether Defendants required Plaintiff and Class members to perform unpaid off-the-clock work; and

m) Whether Defendants paid Plaintiff and Tipped Subclass members the federal and state minimum wage for all hours worked.

**STATEMENT OF FACTS**

26. In or around April 18, 2012, Plaintiff SEFERINO LEONARDO was hired by Defendants to work as a dishwasher at LA NONNA. Plaintiff's employment by Defendants terminated in January 1, 2016.

27. During the employment of Plaintiff, SEFERINO LEONARDO, by Defendants, he worked over forty (40) hours per week. During SEFERINO LEONARDO's employment by Defendants, SEFERINO LEONARDO worked for 6 days a week for 10 hours per day. From the start of his employment, until December, 2012, SEFERINO LEONARDO received an hourly rate of $7.75. From January 2013, until December 2013, SEFERINO LEONARDO received an hourly rate of $8.00. From January 2014, until December 2014, SEFERINO LEONARDO received an hourly rate of $8.75. From January 2015, until the end of his employment, SEFERINO LEONARDO received an hourly rate of $9.00. Similarly, FLSA Collective Plaintiffs and Class members also worked in excess of forty (40) hours each workweek.

28. Throughout SEFERINO LEONARDO's employment with Defendants, he worked at the LA NONNA , and PELLEGRINOS on an as needed basis.

29. Throughout his employment by Defendants, Defendants required Plaintiff to clock out for lunch for one hour each workday, but mandated that he perform his regular duties without pay while off the clock at such times. This policy of required off-the-clock work resulted in approximately 6 unpaid off-the-clock hours per workweek. Similarly, FLSA Collective Plaintiffs and Class Members were required by Defendants to clock out for a one hour long lunch period each day, but were required to work without pay during this off the clock one-hour.

30. Defendants never provided Plaintiff with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

31. Plaintiff, FLSA Collective Plaintiffs, and Class members were required by Defendants to perform unpaid off-the-clock work, resulting in unpaid wages.

32. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

33. Plaintiff realleges and reavers Paragraphs 1 through 32 of this class and collective action Complaint as if fully set forth herein.

34. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

35. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

36. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

37. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

39. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

40. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

41. Plaintiff realleges and reavers Paragraphs 1 through 40 of this class and collective action Complaint as if fully set forth herein.

42. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

43. Defendants willfully violated Plaintiff and Class members' rights by refusing to compensate them for off-the-clock hours during which they were required to work;

44. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

45. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their compensation for unpaid off-the-clock hours worked, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action,.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of damages to Plaintiff, retroactive to the date of his discharge and prior, for all lost wages and benefits, past and future, back and front pay, resulting from Defendants' unlawful employment practices and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

d. An award of unpaid compensation due to Defendants' policy of requiring unpaid off-the-clock work under the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages for off-the-clock work pursuant to the New York Labor Law;

f. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

h. Designation of this action as a class action pursuant to F.R.C.P. 23;

i. Designation of Plaintiff as Representatives of Class; and

j. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 30, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
C.K. Lee (CL 4086)