UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEFERINO LEONARDO
*On behalf of himself,*
*FLSA Collective Plaintiffs*
*and the Class,*

                    *Plaintiffs,*

          - against -

ASC, INC. d/b/a LA NONNA, 151 MULBERRY
ST. CORP. d/b/a IL PALAZZO, 164 MULBERRY
ST. CORP. d/b/a DA NICO, P.J.'S OF LITTLE
ITALY, INC. d/b/a PELLEGRINO'S, 133
MULBERRY STREET RESTAURANT, LLC
d/b/a SPQR, ESTATE OF ANNETTE
SABATINO, PERRY CRISCITELLI, and
NICHOLAS CRISCITELLI,

                    *Defendants.*

CASE NO. 1:18-cv-03657 (VEC)


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**


By:     Hillary J. Raimondi, Esq.
        Ali R. Jaffery, Esq.

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600
*Attorneys for Defendants 164 Mulberry St. Corp.*
*d/b/a Da Nico, and Nicholas Criscitelli*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ..................................................................................................................1

PRELIMINARY STATEMENT .........................................................................................1

FACTUAL BACKGROUND..............................................................................................2

ARGUMENT.......................................................................................................................5

    A.    THE ENTITY DEFENDANTS DO NOT CONSTITUTE A "SINGLE
             INTEGRATED ENTERPRISE" FOR FLSA PURPOSES ....................................5

    B.    PLAINTIFF HAS NOT SATISFIED HIS BURDEN FOR
             CONDITIONAL CERTIFICATION........................................................................8

             1.    Legal Standard ..............................................................................................8

             2.    Plaintiff has failed to Establish the Conditional Collective
                   Certification is Appropriate .........................................................................9

                  a.    Plaintiff Cannot Establish the Required Nexus Between
                        Himself and the Putative Class....................................................10

                  b.    Plaintiff Has Not Demonstrated a Common Policy of
                        Wage Violations ...........................................................................14

    C.    IF THE COURT APPROVES PLAINTIFF'S REQUEST FOR
             CONDITIONAL CERTIFICATION, PLAINTIFF'S PROPOSED NOTICE
             MUST BE MODIFIED BY THE COURT...........................................................15

             1.    Plaintiff's Proposed Notice is Defective and Too Broad................................15

              2.    Plaintiff's Request is Too Expansive in Time .................................................16

              3.    Plaintiff's Proposed Notice is not Neutral .....................................................16

              4.    Plaintiff's Proposed Notice is Misleading .....................................................17

              5.    First Class Mail is the Proper Means of Distributing the Notice....................17

              6.    Plaintiff's Request for Telephone Numbers, Social Security Numbers,
                   And E-Mail Addresses is Improper, as is the Request for the Notice
                   To go to Individuals who were Never Employed by Defendants Herein........18

D.      TOLLING THE STATUTE OF LIMITATIONS FOR
        PROSPECTIVE OPT-INS IS INAPPROPRIATE.................................................19

CONCLUSION .................................................................................................................22

## TABLE OF AUTHORITIES

**CASES**

*Ali v. NY City Health & Hosps. Corp.*,
   No. 11 Civ. 6393 (PAC), 2013 US Dist. LEXIS 44091 (S.D.N.Y. Mar. 27, 2013) .................12

*Armstrong v. Homebridge Mortg. Bankers Corp.*,
   07-CV-1024, 2009 U.S. Dist. LEXIS 91146 (E.D.N.Y. Sept. 30, 2009) .................................20

*Baba v. Grand Central P'shp.*,
   2000 U.S. Dist. LEXIS 17876 (S.D.N.Y. Dec. 8, 2000)............................................................20

*Balderramo v. Taxi Tours Inc.*,
   No. 15 Civ. 2181 (ER), 2017 U.S. Dist. LEXIS 89404 (S.D.N.Y. June 9, 2017) ....................21

*Brown v. Daikin Am. Inc.*,
   756 F.3d 219 (2d Cir. 2014)......................................................................................................6

*Camara v. Kenner*,
   No. 16-cv-7078 (JGK), 2018 U.S. Dist. LEXIS 54039 (S.D.N.Y. Mar. 29, 2018)................6, 7

*Chowdhury v. Duane Reade, Inc.*,
   06-Civ. 2295 (GEL), 2007 U.S. Dist. LEXIS 73853 (S.D.N.Y. October 2, 2007)...................18

*Delaney v. Geisha NYC, LLC*,
   No. 09 Civ 1458 (WHP), 2009 U.S. Dist. LEXIS 87381
   (S.D.N.Y. September 22, 2009).................................................................................................18

*Eng-Hatcher v. Sprint Nextel Corp.*,
   No. 07 Civ. 7350, 2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. November 13, 2009) ...............12

*Fernandez v. Sharp Mgmt. Corp.*,
   No. 16 Civ. 0551 (JGK) (SN), 2016 U.S. Dist. LEXIS 141916
   (S.D.N.Y. October 13, 2016).....................................................................................................14

*Fernandez v. Wells Fargo Bank, N.A.*,
   No. 12 Civ 7193 (PKC), 2013 U.S. Dist. LEXIS 124692
   (S.D.N.Y. August 27, 2013) ......................................................................................................12

*Galindo v. East County Louth, Inc.*,
   No. 16 Civ. 9149 (KPF) (S.D.N.Y. June 6, 2017) .............................................................12, 13

*Garcia v. Chipotle Mexican Grill, Inc.*,
   No. 16 Civ. 601 (ER), 2016 U.S. Dist. LEXIS 153531 (S.D.N.Y. Nov. 4, 2016)....................16

*Gayle v. United States*,
   85 Fed. Cl. 72 (2008) .........................................................................................................16

*Gordon v. Kaleida Health*,
   No. 08 Civ. 378S, 2014 U.S. Dist. LEXIS 41417 (W.D.N.Y. March 27, 2014) .....................17

*Guillen v. Marshalls of MA, Inc.*,
   841 F. Supp. 2d 797 (S.D.N.Y.2012)......................................................................................9

*Guzman v. VLM, Inc.*,
   No 07 Civ. 1126 (JG) (RER), 2007 U.S. Dist. LEXIS 75817
   (E.D.N.Y. Oct 11, 2007)......................................................................................................16

*Hallissey v. Am. Online, Inc.*,
   No. 99 Civ. 3785 (KTD), 2008 U.S. Dist. LEXIS 18387
   (S.D.N.Y. February 19, 2008) ..............................................................................................17

*Hamadou v. Hess Corp.*,
   915 F. Supp. 2d 651 (S.D.N.Y. 2013)....................................................................................16

*Hintergerger v. Catholic Health Sys.*,
   No. 08 Civ. 380S, 2009 U.S. Dist. LEXIS 97944 (W.D.N.Y October 21, 2009)....................20

*Hoffmann v. Sbarro, Inc.*,
   982 F. Supp. 249 (S.D.N.Y. 1997)....................................................................................8, 10

*Hoffmann-La Roche, Inc. v. Sperling*,
   493 U.S. 165 (1989)...........................................................................................................8, 15

*Iavorski v. U.S. Immigration & Naturalization Serv.*,
   232 F.3d 124 (2d Cir. 2000).................................................................................................19

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
   239 F.R.D. 363 (S.D.N.Y. 2007) ..........................................................................................20

*Irizarry v. Catsimatidis*,
   722 F.3d 99 (2d Cir. 2013).....................................................................................................6

*Irwin v. Dep't of Veterans Affairs*,
   498 U.S. 89 (1990)................................................................................................................19

*Jackson v. Bloomberg, L.P.,*
    298 F.R.D. 152, 170 (S.D.N.Y. 2014) ...................................................................19

*Kew Sing Yap v Mooncake Foods, Inc.,*
    146 F. Supp. 3d 552 (S.D.N.Y. 2015)...................................................................14

*Krueger v. New York Tel. Co.,*
    No. 93 Civ. 0178 (LIM), 1993 U.S. Dist. LEXIS 9988 (S.D.N.Y. July 21, 1993)...................15

*Kucker v. Petco Animal Supplies Stores, Inc.,*
    No. 14 Civ. 9983 (DF), 2016 U.S. Dist. LEXIS 6416 (S.D.N.Y. January 19, 2016)...............10

*Levinson v. Primedia Inc.,*
    No. 02 Civ. 2222 (CBM), 2003 U.S. Dist. LEXIS 20010
    (S.D.N.Y. Nov. 6, 2003) (Motley, J.) ....................................................................8

*Martin v. Sprint/United Mgmt. Co.,*
    No 15 Civ. 5237 (PAE), 2016 U.S. Dist. LEXIS 352
    (S.D.N.Y. January 4, 2016) ................................................................................18

*Mata v Foodbridge LLC,*
    No. 14 Civ. 8754 (ER), 2015 U.S. Dist. LEXIS 70550
    (S.D.N.Y. June 1, 2015) ....................................................................................11

*Mazur v. Olek Ljbzon & Co.,*
    No. 05 Civ. 2194 (RMB (DF), 2005 U.S. Dist. LEXIS 30321
    (S.D.N.Y. November 29, 2005)............................................................................17

*Mendoza v. Ashiya Suchi 5, Inc.,*
    12 Civ. 8629 (KPF), 2013 U.S. Dist. LEXIS 132777
    (S.D.N.Y. September 16, 2013)............................................................................21

*Morales v. Plantworks. Inc..*
    No. 05 Civ. 2349 (DC), 2006 U.S. Dist. LEXIS 4267
    (S.D.N.Y. Feb. 2, 2006).......................................................................................9

*Myers v. Hertz Corp.,*
    624 F.3d 537 (2d Cir. 2010)...............................................................................8, 9

*Pefanis v Westway Diner, Inc.*,
   No. 08 Civ. 002 (DLC), 2010 US Dist LEXIS 93180
   (S.D.N.Y. Sep. 7, 2010).................................................................................9

*Prizmic v. Armour*,
   No. 05 Civ. 2503 (DLI) (MDG), 2006 U.S. Dist. LEXIS
   (E.D.N.Y. June 12, 2006) .............................................................................9

*Raniere v. Citigroup Inc.*,
   827 F. Supp. 2d 294 (S.D.N.Y. 2011), *rev'd on other grounds*,
   533 F. App'x 11 (2d Cir. 2013).....................................................................14

*Roebuck v. Hudson Valley Farms*,
   239 F. Supp. 2d 234 (N.D.N.Y. 2002)...........................................................20

*Romero v. H.B. Auto. Grp., Inc.*,
   No. 11 Civ. 386 (CM), 2012 U.S. Dist. LEXIS 61151
   (S.D.N.Y. May 1, 2012) ................................................................................9

*Sanchez v. JMP Ventures, LLC*,
   No. 13 Civ. 7264 (KBF), 2014 U.S. Dist. LEXIS 14980
   (S.D.N.Y. January 27, 2014) .........................................................................11

*Taveras v. D&J Real Estate Mgmt. II, LLC*,
   324 F.R.D. 39 (S.D.N.Y. 2018) .....................................................................16

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
   767 F. Supp. 2d 445 (S.D.N.Y. 2011)............................................................21

*Yang v. Asia Mkt. Corp.*,
   No. 17 Civ. 6886 (VEC), 2018 U.S. Dis. LEXIS 56487
   (S.D.N.Y. April 3, 2018) ...............................................................................13

*Zerilli-Edelglass v. New York City Transit Auth.*,
   333 F.3d 74 (2d Cir. 2003).......................................................................19, 20

## STATUTES

§ 216(b) of the Fair Labor Standards Act ...............................................1, 8, 9, 12

29 U.S.C. § 255(a) ...........................................................................................16

NYLL § 198(3) .................................................................................................16

## INTRODUCTION

Defendants 164 Mulberry St. Corp. d/b/a Da Nico ("Da Nico"), and Nicholas Criscitelli (collectively "Defendants"), respectfully submit this memorandum of law in opposition to the motion of plaintiff Seferino Leonardo ("Leonardo," or "Plaintiff"), individually and on behalf of all others similarly situated (the "Putative Collective"), for conditional collective certification and court authorized notice pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA").

## PRELIMINARY STATEMENT

Plaintiff commenced this action pursuant to the FLSA and New York Labor Law ("NYLL") alleging that Defendants, as well as ASC, Inc. d/b/a La Nonna, ("La Nonna"), 151 Mulberry St. Corp. d/b/a Il Palazzo ("Il Palazzo"), P.J.'s of Little Italy, Inc. d/b/a Pellegrino's ("Pellegrino's"), the Estate of Annette Sabatino and Perry Criscitelli failed to pay regular and overtime wages due to (i) time shaving, and (ii) rounding hours worked.  Plaintiff's motion seeks conditional certification of all non-exempt tipped and non-tipped employees who worked in six restaurants – defendant restaurants La Nonna, Il Palazzo, Da Nico and Pellegrino's and non-defendant restaurants 133 Mulberry St. d/b/a SPQR ("SPQR") and 191 Grand Restaurant Corp. d/b/a Novella ("Novella")[1] – for the period of May 7, 2012 until the present.

Plaintiff's pre-discovery motion for conditional certification of a collective action under § 216(b) of the FLSA fails because the evidence submitted by Plaintiff is woefully inadequate to meet even the low bar of conditional certification. First, there is no support for the conclusory allegation by Plaintiff, who was indisputably an employee of only La Nonna, that six defendant and non-defendant restaurants, which were operating at various times, were a single integrated

---

[1] SPQR is a named defendant in the First Amended Complaint, filed on May 16, 2018, but not in the proposed Second Amended Complaint, filed on June 21, 2018.  Novella has never been a party to this action. To the extent that the Second Amended Complaint is the operative pleading, relief including either of these two entities, which have both been closed for years, is improper.

1

enterprise. Indeed, as discussed in the accompanying declaration of Nicholas Criscitelli, as well as the Affidavit of Perry Criscitelli submitted along with his opposition to the instant motion, this is clearly not the case. Plaintiff's attempt to involve Da Nico, a restaurant at which he was never employed, in this lawsuit under the guise that all of the named Defendants operated as a "single integrated enterprise" must be rejected because of Plaintiff's failure to meet his burden of proof that Defendant Da Nico exerted any control over him as an employee, or that the defendants and non-defendants restaurants operated as a single employer.

Further, the entirety of Plaintiff's proof in support of certifying a collective action consists solely of his unsubstantiated "observations" of, and "conversations" with, other employees who were allegedly harmed by Defendants' purported FLSA violations. As such, Plaintiff has not, and cannot, establish the required factual nexus between himself and the Putative Collective.

In addition to its failure on the merits, Plaintiff's proposed Order granting Conditional Certification and Notice to prospective class members are overbroad and improper, require modification by the Court, and privacy issues militate against the disclosure of the discovery he seeks in connection with the Notice.

Finally, Plaintiff has not established that the present case warrants the extreme remedy of equitable tolling and such application is, at best, premature at this stage of the proceedings.

## FACTUAL BACKGROUND

The facts as set forth in the opposition to the instant motion submitted by co-defendants La Nonna, the Estate of Annette Sabatino and Perry Criscitelli are incorporated herein by reference. With respect to the defendants Da Nico and Nicolas Criscitelli, the pertinent facts are set forth in the accompanying declaration of Nicholas Criscitelli ("Criscitelli Dec.").

2

Mr. Criscitelli is the principal and owner of Da Nico. (Criscitelli Dec. ¶ 3). He manages its day-to-day affairs, which includes maintaining its books, managing employee schedules and other related staffing issues, and generally overseeing the daily operation of the restaurant. (Criscitelli Dec. ¶ 3). Da Nico is independently owned and does not operate in conjunction with La Nonna. Nor did it operate in conjunction with Il Palazzo, Pellegrino's, SPQR, or Novella when those restaurants were open.[2] (Criscitelli Dec. ¶ 4). Each restaurant named herein is a separate corporate entity, and has (and had), among other things, its own distinct staff, management, payroll, inventory, bookkeeping, and accounting. (Criscitelli Dec. ¶ 4).

Nicholas Criscitelli's father, Perry Criscitelli, operates a restaurant called La Nonna, which is located at 134 Mulberry Street. Nicholas Criscitelli has no involvement in the operation of that restaurant, and Perry Criscitelli is solely responsible for all matters relating to La Nonna. Nicholas Criscitelli is not familiar with La Nonna's employees, their schedules, or its employment practices. He does not direct La Nonna employees to work at Da Nico, nor has he had the authority to do so.[3] (Criscitelli Dec. ¶ 5).

Da Nico employees are not sent to any other restaurant to work, nor have employees of any other restaurant been sent to work at Da Nico. (Criscitelli Dec. ¶ 6). Similarly, Da Nico has its own separate inventory, and it is not the case that its inventory is "interchangeable" with that of other restaurants. (Criscitelli Dec. ¶ 7). Da Nico did occasionally borrow ingredients from other restaurants, which is not uncommon in the restaurant industry. In those rare instances, either Mr. Criscitelli or an employee may leave the premises for a short period. In any instance where an

---

[2]  As set forth in the Affidavit of Perry Criscitelli at para. 5, Novella closed in or about late June or early July, 2014, Il Palazzo closed in March 2015, and Pellegrino's closed in January 2017 (P. Criscitelli Aff. ¶ 1).

[3]  As set forth in Nicholas Criscitelli's declaration, Annette Sabatino died in July 2017 and certain interests in her businesses passed to him. Nevertheless, he never worked at, or controlled La Nonna, and does not do so to this day. Issues regarding the transfer of the ownership of such restaurant are being dealt with in connection with the administration of Annette's estate.

employee has done so, he or she would continue to be compensated by Da Nico, and would return immediately. (Criscitelli Dec. ¶ 7).

Nicholas Criscitelli does not know, nor has he ever met, the Plaintiff herein. He has no documents or information regarding the status of Plaintiff's employment, the terms and conditions of such employment, his pay rate, hours worked or wages received. (Criscitelli Dec. ¶ 8).

The employees of Da Nico are compensated for all time worked, including overtime. The time of such employees has not been "shaved", nor has the restaurant failed to provide Da Nico employees with any notice or paperwork that is required by the law. (Criscitelli Dec. ¶ 9). Da Nico employs non-tipped employees including servers, cooks and dishwashers. It also employs tipped employees such as bussers and wait staff. Da Nico does not employ delivery people, cleaning people, stock people, cashiers, runners or grill persons. The job responsibilities and hours of each of these tipped and non-tipped employees vary greatly, and the law requires different types of notices depending on whether the employee is tipped or non-tipped. (Criscitelli Dec. ¶ 10).

Nicholas Criscitelli does not recognize any of the other individuals named in Plaintiff's Declaration that he alleges worked at each and every restaurant named in the Complaint. Specifically, Ricardo Lopez, Casarubia, Victor Jimenez, Yoyo, Federico, and Enrique are unknown to him. None of those individuals worked at Da Nico and indeed,[4] no employees of Da Nico are identified in connection with the instant action. (Criscitelli Dec. ¶ 11).

Although Nicholas Criscitelli's name appears on the liquor license for La Nonna, this is because his mother, Annette Sabatino, passed away on June 30, 2017. During her lifetime, she owned all or portions of the following restaurants: SPQR (which closed in 2013), La Nonna,

---

[4] Perry Criscitelli has indicated that at least four of such individuals worked at La Nonna. See Affidavit of Perry Criscitelli, ¶ 23.

4

Pellegrino's (which closed in 2017)[5], and Il Palazzo (which closed in 2015)[6]. In her will, Ms. Sabatino bequeathed her interests in various businesses she owned to Mr. Criscitelli. (Criscitelli Dec. ¶ 13). Despite the ongoing estate issues, Mr. Criscitelli continues to maintain no involvement in the management of La Nonna, and never has been involved in such management or its operation.[7] (Criscitelli Dec. ¶¶ 13, 14 ).

Based upon the foregoing, and as set forth in greater detail in the memoranda of law submitted by counsel, the conditional certification sought by Plaintiff should be denied.

## ARGUMENT

### A.   THE ENTITY DEFENDANTS DO NOT CONSTITUTE A "SINGLE INTEGRATED ENTERPRISE" FOR FLSA PURPOSES

As an initial matter, there is no basis to include any employees of Da Nico in any purported collective action herein, as Plaintiff has failed to establish that the defendant and non-defendant restaurants are a single employer under any applicable legal standard. Plaintiff acknowledges that he was never an employee of Da Nico. Nor were any other of the other employees identified in the Leonardo declaration.[8] Nonetheless, in an attempt to certify an illegitimate collective action, Plaintiff attempts to rope in potentially hundreds of previous employees of Il Pallazo, Pellegrino's, and Da Nico by making the bald conclusory (and entirely unsupported) assertion that the Entity Defendants are so interrelated that they should be considered a "single integrated enterprise" for purposes of FLSA collective action. This argument should be rejected.

---

[5] Affidavit of Perry Criscitelli, ¶ 1.
[6] Affidavit of Perry Criscitelli, ¶ 1.
[7] When Ms. Sabatino passed away, La Nonna was still operating with valid liquor license.  Per Ms. Sabatino's will, Nicholas Criscitelli's name was put on the liquor license earlier this year to keep the license in good standing. He, along with his father and a trust in his name created by Ms. Sabatino's will, are listed on the liquor license for La Nonna, which is independently operated by Perry Criscitelli. (See Doc. No. 58-5 at p. 5).
[8] As set forth above, the employees who could be identified all worked for La Nonna.

Whether a group of entities qualifies as a single integrated enterprise turns on a four-factors: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014). Plaintiff's motion should be denied because he has not established by competent evidence that any of these factors apply to Da Nico and the other entity Defendants.

At the outset, Plaintiff operates under the mistaken premise that it is well-settled in this Circuit that the "single integrated enterprise" rule applies to FLSA liability. However, the Second Circuit "has yet to apply the single integrated enterprise rule to FLSA liability. Some district courts in this Circuit have applied the single integrated enterprise doctrine in the FLSA context… [while others] have declined to apply the formal single integrated enterprise doctrine in the FLSA context and have instead used the traditional economic realities test[.]" *Camara v. Kenner*, No. 16-cv-7078 (JGK), 2018 U.S. Dist. LEXIS 54039, at *22 (S.D.N.Y. Mar. 29, 2018).

The economic realities test considers the following factors to determine the "economic reality" of an employment relationship: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013). Plaintiff has not come close to satisfying any of these factors.

Nonetheless, any determination of the proper test to be applied in this case is irrelevant because Plaintiff has, in the first instance, failed to present sufficient evidence that the entity Defendants are a single employer under either test.  Plaintiff merely states, *inter alia*, without any proof, that "Defendants frequently required [him] to deliver ingredients to, and work at each of the other Restaurants on an as needed basis[,]" and that "other employees…were freely

interchangeable between the Restaurants[.]" (Doc. No 59, at p. 11). Most importantly, he has failed to explain how any of the other restaurants (besides La Nonna, which was his actual employer) had any control or supervision over him. *E.g.*, *Kenner*, 2018 U.S. Dist. LEXIS at \*23 ("Although the plaintiffs have cited evidence that all Just Salad employees are required to wear similar uniforms, use similar delivery devices, and are subject to a uniform employee manual, they have failed to explain how the stores where the plaintiffs did not work had any control or supervision over them.").

In addition to their patent insufficiency, Plaintiff's conclusory statements are disproved by the facts at bar. In this regard, Da Nico, as well as the other named restaurants, are separate and wholly distinct entities operated and controlled solely by the managers of each separate corporate entity. Nicholas Criscitelli, the principal of Da Nico, has stated that he has no involvement with the operation of La Nonna, or with any of the other entity Defendants and that the various restaurants are operated separately. Nor does he have involvement in the payment of wages to the Plaintiff or the employees of any other restaurant, or their work schedules. He does not maintain any records regarding Plaintiff or any of the individuals identified by Plaintiff as allegedly similarly situated. (Criscitelli Dec. at ¶¶ 3-7).

Plaintiff has made no evidentiary showing to the contrary, alleging, only generally that various employees were directed to go from restaurant to restaurant to deliver ingredients, cut meat wash dishes and perform other unidentified tasks. Even if these generic, implausible and flatly refuted allegations were assumed, for the purposes of this motion, to have any truth, they still do not establish the requisite evidentiary basis for a collective action against what are indisputably independently owned and operated restaurants with separate staff.

Plaintiff must not be able to avail himself of the benefit of collective action certification with the bare and unsubstantiated allegations that the entity defendants operated as a "single integrated enterprise." As such, Plaintiff's motion should be denied on this basis.

**B.  PLAINTIFF HAS NOT SATISFIED HIS BURDEN FOR CONDITIONAL CERTIFICATION**

### 1.  <u>Legal Standard</u>

The FLSA permits plaintiffs to maintain an action "for and [o]n behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b).  Courts commonly use a two-stage analysis to determine whether putative class members are "similarly situated" for purposes of certifying a FLSA claim for collective treatment under § 216(b).  *See Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010).  In the first stage, the court must make an initial determination that the members of the proposed collective are "similarly situated as to a policy or practice that violates the FLSA" and, if so, may authorize the sending of notice inviting others to "opt in" to the putative collective action.  *See, e.g., Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

It is well-settled that "plaintiffs have the burden of demonstrating that they are 'similarly situated' to members of their proposed collective action." *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). While the evidentiary showing that a plaintiff must make at this stage is "modest," it must be "sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Levinson v. Primedia Inc.*, No. 02 Civ. 2222 (CBM), 2003 U.S. Dist. LEXIS 20010, at *4 (S.D.N.Y. Nov. 6, 2003) (Motley, J.); *see also Sbarro*, 982 F.Supp. at 261 (The court must find "some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims" of particular illegal practices.).

8

While a plaintiff's "burden of proof is low, it is not non-existent—certification is not automatic." *Romero v. H.B. Auto. Grp., Inc.*, No. 11 Civ. 386 (CM), 2012 U.S. Dist. LEXIS 61151, at *10 (S.D.N.Y. May 1, 2012) (internal quotation marks omitted). Even at the conditional certification stage, a plaintiff's burden under § 216(b) "cannot be satisfied simply by unsupported assertions," *Myers*, 624 F.3d at 555 (internal quotation marks omitted), or with "conclusory allegations." *Morales v. Plantworks. Inc.*. No. 05 Civ. 2349 (DC), 2006 U.S. Dist. LEXIS 4267, at *3 (S.D.N.Y. Feb. 2, 2006).

"Where a plaintiff fails to carry this burden or where a defendant employer shows either that the potential recipients of the notice are not similarly situated to the plaintiff or that it will likely succeed at trial . . . a court may refuse to authorize notice or postpone deciding the issue pending further discovery and motion practice." *Pefanis v Westway Diner, Inc.*, No. 08 Civ. 002 (DLC), 2010 US Dist LEXIS 93180, at *8 (S.D.N.Y. Sep. 7, 2010).  In evaluating a request for collective action certification, where the plaintiff has not made the necessary factual showing that certification is appropriate, "[i]t would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated."  *Guillen v. Marshalls of MA, Inc.*, 841 F. Supp. 2d 797, 803 (S.D.N.Y.2012). Indeed, "[a]bsent such a showing, an employer may be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." *Prizmic v. Armour*, No. 05 Civ. 2503 (DLI) (MDG), 2006 U.S. Dist. LEXIS, at *7 (E.D.N.Y. June 12, 2006) (internal quotations omitted).

## 2.   <u>Plaintiff has failed to Establish that Conditional Collective Certification is Appropriate</u>

The Complaint and Plaintiff's conclusory declaration are insufficient to satisfy the modest factual showing necessary to conditionally certify an FLSA collective action. In this regard,

Plaintiff has failed to establish that as a dishwasher, he is similarly situated to the Putative

Collective of <u>all</u> non-exempt non-managerial employees of ASC, Inc. d/b/a La Nonna ("La

Nonna"), let alone of 151 Mulberry St. Corp. d/b/a Il Palazzo ("Il Palazzo"), Da Nico, P.J.'s of

Little Italy, Inc. d/b/a Pellegrino's ("Pellegrino's") (collectively, the "Entity Defendants"), SPQR,

and Novella[9]—restaurants with which Plaintiff was never employed in any capacity at any point

in time. As the evidence makes clear, the only entity to which any purported claims under the

FLSA could possibly apply is La Nonna, the restaurant that actually employed Plaintiff.

Furthermore, Plaintiff offers no basis to group together tipped and non-tipped employees that serve

all different functions in multiple restaurants operated by different individuals. In all events,

Plaintiff's conclusory allegations are insufficient even to meet the low bar required by conditional

certification and as such, his motion must be denied.

### a.     Plaintiff Cannot Establish the Required Nexus Between Himself and the Putative Class

In order to conditionally certify a putative class of employees, Plaintiff must establish that

all members of the proposed class are "similarly situated with respect to a standardized policy that

violates the FLSA." *Kucker v. Petco Animal Supplies Stores, Inc.*, No. 14 Civ. 9983 (DF), 2016

U.S. Dist. LEXIS 6416, at \*25 (S.D.N.Y. January 19, 2016). In order to meet this burden, Plaintiff

must provide actual evidence, rather than conclusory allegations, of a factual nexus between his

situation and those that he claims are similarly situated. *See Sbarro*, 982 F.Supp. at 261.  Plaintiff

has not made this showing.

In this regard, the July 11, 2018 Declaration of Seferino Leonardo ("Leonardo Dec.")

contains the bare allegations that, *inter alia*:

---

[9]      As stated herein and in the Affidavit of Perry Criscitelli, SPQR closed in 2013, Novella closed in
2014, Il Palazzo closed in 2015 and Pellegrino's closed in 2017. Affidavit of P. Criscitelli, ¶¶ 1, 4, 5

- "I regularly worked in excess of forty (40) hours per workweek. Based on personal observations and conversations with co-workers, other non-managerial employees at Defendants' Restaurant…were also required to work over forty (40) hours each workweek." (Doc. No. 59 at p.10)
- "Based on my observations and my conversations with other employees of the Restaurants, other employee…had regular and overtime pay rates similar to mine." (*Id*. at p. 11)
- "For each workday, I was compensated for one less hour than I actually worked. Similarly, other employees…were compensated for one less hour than they actually worked each day." (*Id*. at p. 12)
- "Based on my personal observations and conversations with employees of the Restaurants, I know that the same policy of deducting one hour from the daily hours worked of each non-managerial employee was applied across each of the Restaurants to all non-managerial employees." (*Id*. at p. 13)
- "None of the other non-managerial employees…ever received a proper wage and hour notice…." (*Id*. at p. 14)

Noticeably absent are any allegations specific to employees of Da Nico, or any factual claims sufficient to infer that all non-managerial staff at the defendant restaurants are treated the same for wage and hour purposes. These are precisely the types of conclusory allegations that this Court has consistently held are insufficient for conditional certification—the cases are legion. *See, e.g., Mata v Foodbridge LLC*, No. 14 Civ. 8754 (ER), 2015 U.S. Dist. LEXIS 70550, at *10 (S.D.N.Y. June 1, 2015) ("although Plaintiff relies exclusively on observations of and conversations with coworkers to make the factual showing required of him at this stage of the proceeding, he does not . . . provide *any* detail as to a *single* . . . observation or conversation informing his decision to bring a collective action."); *Sanchez v. JMP Ventures, LLC*, No. 13 Civ. 7264 (KBF), 2014 U.S. Dist. LEXIS 14980, at **5-6 (S.D.N.Y. January 27, 2014) ("Plaintiff does not, however, provide any detail as to a single such observation or conversation. As a result, the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process. Instead, the Court is left with a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint. These are precisely the kind of unsupported

assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class under § 216(b).").

In *Ali v. NY City Health & Hosps. Corp.*, No. 11 Civ. 6393 (PAC), 2013 US Dist. LEXIS 44091, at *8 (S.D.N.Y. Mar. 27, 2013), this Court denied conditional certification where the sole basis of plaintiffs' belief that there were other similarly situated class members who worked over 40 hours per week and were not paid overtime was plaintiff's statement that he "had conversations with other [employees] about the fact that we worked in excess of forty hours a week."  In *Fernandez v. Wells Fargo Bank, N.A.*, No. 12 Civ. 7193 (PKC), 2013 U.S. Dist. LEXIS 124692, at *51 (S.D.N.Y. August 27, 2013), this Court denied the plaintiffs' motion for conditional certification where "plaintiffs' declarations omit[ted] key details concerning the identities of speakers and participants, and even approximate dates, when instructions allegedly were issued concerning off-the-clock work and denial of overtime." In *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07 Civ. 7350, 2009 U.S. Dist. LEXIS 127262, at *11 (S.D.N.Y. November 13, 2009), this Court denied the plaintiff's motion for conditional certification where she had "merely present[ed] her own deposition testimony as proof of these allegations[,]" and provided " no details about these conversations, and … no affidavits from any other employees corroborating her claims. This reliance on limited anecdotal hearsay does not persuasively show that Sprint likely has a common plan or practice."

In *Galindo v. East County Louth, Inc.*, in an order read on the record, this Court denied a substantively identical motion for conditional certification filed by Plaintiff's counsel, Lee Litigation Group, PLLC,[10] holding that:

---

[10]     We note that the plaintiff's declaration in support of his motion for conditional certification in that case is identical to the Leonardo Dec. with respect to claims regarding other allegedly similarly situated employees. The *Galindo* plaintiff's allegations that based on his conclusory "personal observations and conversations" other employees were subject to unlawful employment practices were held to be insufficient

Mr. Galindo seeks conditional certification of quite a broad class, one that encompasses a number of different types of employees at each of these establishments and, yet, there is no detail provided with respect to any observation of or conversation with any other employee within the putative collective action: No dates, even approximate; or places; or anything akin to what has been accepted by district courts in this factual setting. Nor do I have any sense of what other members of the putative collective do or did as distinguished from what Mr. Galindo did for the six or seven weeks that he was employed at The Penny Farthing. And this makes it much more difficult for me to credit statements such as his claim in the declaration that to the best of his knowledge, which may not reflect conversations and firsthand observations, the entirety of the tipped employee subclass spent more than 20 percent of their day performing nontipped tasks. This is simply too conclusionary [sic] and insufficiently detailed.

Doc. No. 55, Transcript of Proceedings re: CONFERENCE held on 6/6/2017 at pp. 15-16, *Galindo v. East County Louth, Inc.*,  No. 16 Civ. 9149 (KPF) (S.D.N.Y. June 6, 2017)

Finally, in *Yang v. Asia Mkt. Corp.*, No. 17 Civ. 6886 (VEC), 2018 U.S. Dis. LEXIS 56487

(S.D.N.Y. April 3, 2018), Judge Caproni denied a motion for conditional certification on facts

analogous to those found here, holding that

Plaintiff has not met her burden of showing that she and others suffered from the same improper compensation practices. Her affidavit is extraordinarily general and vague and does not mention a single specific conversation that she had with any of her coworkers about Defendants' compensation practices. In particular, she alleges that she "got to know [her] colleague[s] about work and pay," including two drivers, three other cashiers, and a stocker, and that she "met with [them] from time to time when [they] arrived at or left [] work . . . ." *Id.* ¶ 3. Plaintiff alleges that she and these coworkers were "always paid at the same time." *Id.* But while she specifically discusses her own work schedule and compensation scheme, every reference to her coworkers' experiences and potential claims is—repeatedly—merely "[b]ased on [her] personal observation and conversations with other co-workers." *Id.* ¶¶ 4-11. And while the Memorandum of Law asserts that Plaintiff's Declaration provides "detailed allegations," Collective Mem. [*5] at 10, this is demonstrably false; the Memorandum and Declaration offer no specifics and rely entirely on boilerplate materials that Plaintiff's counsel recycles from one FLSA case to the next. *See generally* Collective Mem.; Yang Decl. Accordingly, while Plaintiff's burden is low, the facts set forth in her materials are insufficient to support conditional certification of a collective.

---

to meet even the low standard of conditional certification. *See* Doc. No. 32, DECLARATION of Hector Galindo in Support *passim*, *Galindo v. East County Louth, Inc.*,  No. 16 Civ. 9149 (KPF) (S.D.N.Y. April 3, 2017)

*Id*. at **4-5.

Accordingly, Plaintiff's cursory and conclusory allegations do not "have the specificity and detail that our caselaw requires to extend conditional certification beyond [his] own job title[,]" *Fernandez v. Sharp Mgmt. Corp.*, No. 16 Civ. 0551 (JGK) (SN), 2016 U.S. Dist. LEXIS 141916 (S.D.N.Y. October 13, 2016), and his motion for collective action certification must be denied.

###   b.    Plaintiff Has Not Demonstrated a Common Policy of Wage Violations

The FLSA requires employers to properly compensate employees for all hours worked. However, and as discussed *supra*, Plaintiff has not offered any evidence whatsoever to indicate a common policy of minimum wage, overtime, or rounding violations that would merit conditional certification.

The relevant factor in this analysis "is not whether [p]laintiff[] and [potential opt-in members are] identical in all respects, but rather whether they were subjected to a common policy." *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 323 (S.D.N.Y. 2011), *rev'd on other grounds*, 533 F. App'x 11 (2d Cir. 2013) (internal quotation marks and citation omitted)

Plaintiff worked as a dishwasher at La Nonna from on or about April 18, 2012 until on or about January 1, 2016, and has not submitted any evidence aside from conclusory allegations about other non-exempt employees who were subject to these alleged unlawful practices during the relevant time period, or even for what restaurants these employees worked.  Plaintiff provides no details whatsoever as to, for example, the specific hours worked and amounts paid to other employees. This is insufficient to establish a common policy or practice as concerns conditional certification under the FLSA. *E.g.*, *Kew Sing Yap v Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 564 (S.D.N.Y. 2015) ("Here, however, the Court agrees with Defendants that Plaintiffs have failed to muster a showing of a common policy or practice. Plaintiffs' complaint and affidavits do not contain a single factual allegation specific to other types of employees … such as the specific hours

14

worked by, or the amounts paid to, other employees.") (internal quotations omitted). Furthermore, the July 26, 2018 Declaration of Nicholas Criscitelli ("Criscitelli Dec."), which is incorporated herein by reference, refutes Plaintiff's allegations as to any and all wage violations.

Accordingly, Plaintiff's motion should be denied on this basis.

## C.   IF THE COURT APPROVES PLAINTIFF'S REQUEST FOR CONDITIONAL CERTIFICATION, PLAINTIFF'S PROPOSED NOTICE MUST BE MODIFIED BY THE COURT

### 1.   Plaintiff's Proposed Notice is Defective and Too Broad

Defendants maintain their position that Plaintiff's motion should be denied, the Putative Class should not be conditionally certified, and no notice should issue. However, if Plaintiff is able to obtain collective action certification, Plaintiff's version of the proposed Court-authorized Notice (Doc. No 58-10), is defective and should be modified by this Court.

The Supreme Court has held that "[b]oth the parties and the court benefit from settling disputes about the content of the notice before it is distributed. This procedure may avoid the need to cancel consents obtained in an improper manner." *Hoffman-La Roche*, 493 U.S. at 172. "[C]ourt authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Id*. Courts in this Circuit have held that "the form and content of the notice…is to be approved by the Court prior to mailing in order that present and after-the-fact disputes between counsel as to form and manner of consent may be eliminated." *Krueger v. New York Tel. Co.*, No. 93 Civ. 0178 (LIM), 1993 U.S. Dist. LEXIS 9988 (S.D.N.Y. July 21, 1993).

Here, the proposed Order annexed to the instant motion and the proposed Notice contain a multitude of issues that should be resolved as a threshold matter.

2.      **Plaintiff's Request is Too Expansive in Time**

Plaintiff's request that the Proposed Notice be sent to all employees of all of the Restaurants from May 7, 2012 to the present should be denied. The FLSA has a two-year statute of limitations, or three years in the case of willful violations (29 U.S.C. § 255(a)). Plaintiff has not moved for certification of the NYLL claims, which have a six-year statute of limitations (NYLL § 198(3)). Furthermore, courts considering conditional certification in FLSA and NYLL actions commonly find that three years is the appropriate period for notice. *Garcia v. Chipotle Mexican Grill, Inc.*, No. 16 Civ. 601 (ER), 2016 U.S. Dist. LEXIS 153531, *32 (S.D.N.Y. Nov. 4, 2016) (denying plaintiff's request for a collective reaching back six years and for equitable tolling and finding three year notice period appropriate); *see also Taveras v. D&J Real Estate Mgmt. II, LLC*, 324 F.R.D. 39, 47 (S.D.N.Y. 2018); *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) (three year FLSA notice period appropriate where plaintiffs did not yet move for certification of their NYLL claims).

3.      **Plaintiff's Proposed Notice is not Neutral**

A proposed notice pursuant to the collective action procedures outlined in the FLSA must "set out a neutral statement of the claims and the [defendants'] answer, without any indication of the future outcome in the case." *Gayle v. United States*, 85 Fed. Cl. 72, 81 (2008). With this in mind, Plaintiff's Notice should be modified to identify all of the Defendants' attorneys and not only Plaintiff's attorneys. *E.g.*, *Guzman v. VLM, Inc.*, No 07 Civ. 1126 (JG) (RER), 2007 U.S. Dist. LEXIS 75817 (E.D.N.Y. Oct 11, 2007) (stating that courts routinely require that counsel or both parties be listed on the proposed notice form).

Furthermore, Plaintiff's Notice should be modified to require that members of the Putative Class send their consent to sue forms to the Clerk of Court and not to Plaintiff's counsel as notices

16

that direct members of the Putative Class to Plaintiff's counsel for further information, rather than the Clerk of Court improperly discourages "[class members] from seeking outside counsel." *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 U.S. Dist. LEXIS 18387 at *11 (S.D.N.Y. February 19, 2008).

### 4. **Plaintiff's Proposed Notice is Misleading**

Plaintiff's Notice is also misleading to potential members of the Putative Class because it does not clearly state that it is not intended to imply that any recipient of the Notice would be entitled to monetary compensation. Importantly, this Court has allowed the inclusion of language stating "this notice does not mean that you are entitled to any monetary recovery. Any such determination must still be made by the Court." *Mazur v. Olek Ljbzon & Co.*, No. 05 Civ. 2194 (RMB (DF), 2005 U.S. Dist. LEXIS 30321 at *20 (S.D.N.Y. November 29, 2005).

### 5. **First Class Mail is the Proper Means of Distributing the Notice**

In addition to approving the proposed Notice generally, Plaintiff seeks permission to post the Notice in the entity Defendants' restaurants, which is wholly improper and unnecessary. The Court has not yet ordered the production of employee contact information, and only current employees will be noticed by posting the Notice in the Defendant restaurants. These individuals have a vested interest in providing their employer with correct, up-to-date addresses and giving them notice would not benefit any party or prospective class member. *See e.g.*, *Gordon v. Kaleida Health*, No. 08 Civ. 378S, 2014 U.S. Dist. LEXIS 41417 (W.D.N.Y. March 27, 2014) (denying request to post notice at place of employment).

Furthermore, posting the Notice in the entity Defendants' restaurants is meaningless as concerns former employees, because they are *former* employees and thus will not see anything

17

posted in the workplace. Accordingly, the only reasonable manner in which to reach the Putative

Class is via First Class Mail.

Plaintiff's request to post the Notice at the restaurant should be denied as there is no reason

to believe that the Putative Collective members will not be properly noticed via mail.

6. **Plaintiff's Request for Telephone Numbers, Social Security Numbers, and E-Mail Addresses is Improper, as is the Request for the Notice to go to Individuals who were Never Employed by Defendants Herein**

Plaintiff's request for private telephone numbers, social security numbers, and e-mail

addresses must be rejected as improper as they implicate serious privacy concerns. *See e.g.*, N.Y.

Lab. Law § 203-d ("[a]n employer shall not unless otherwise required by law: [c]ommunicate an

employee's [telephone number or personal electronic mail address] to the general public."); *Martin*

*v. Sprint/United Mgmt. Co.*, No 15 Civ. 5237 (PAE), 2016 U.S. Dist. LEXIS 352, *60-61

(S.D.N.Y. January 4, 2016) ("[I]n light of privacy concerns, courts in this District typically decline

to compel production of social security numbers[.]"); *Chowdhury v. Duane Reade, Inc.*, 06-Civ.

2295 (GEL), 2007 U.S. Dist. LEXIS 73853 at *21 (S.D.N.Y. October 2, 2007) (denying production

of Social Security numbers where plaintiff had "not demonstrated that such information will aid

in further reducing the already low number of notices that were returned undeliverable").

Production of telephone numbers, e-mail addresses and/or social security numbers should only be

ordered where the Plaintiff has demonstrated that names and addresses have been proven to be

insufficient to locate potential members of the Putative Collective. *Delaney v. Geisha NYC, LLC*,

No. 09 Civ. 1458 (WHP), 2009 U.S. Dist. LEXIS 87381 at *13 (S.D.N.Y. September 22, 2009)

("If Plaintiffs find that a large number of notices are returned as undeliverable, the Court can

consider the [request for disclosure of Social Security numbers] at that time.").

Because Plaintiff's Proposed Order, annexed to its Notice of Motion as Exhibit "1", provides for the provision of social security numbers, telephone numbers and email addresses, it should not be adopted by the Court in the event that certification occurs.

Finally, it should be noted that Plaintiff's Proposed Order seeks distribution to individuals who were never employed by any of the defendants herein (e.g., Novella and SPQR). In light of the fact that those entities are not before the Court and are not subject to its jurisdiction, such a request must likewise be rejected.

## D.   TOLLING THE STATUTE OF LIMITATIONS FOR PROSPECTIVE OPT-INS IS INAPPROPRIATE

In an FLSA collective action, "the limitations period continues to run for each plaintiff until he or she files written consent with the court to join the lawsuit." *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170 (S.D.N.Y. 2014). Federal courts should grant equitable tolling "sparingly," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), and "only . . . in [ ] rare and exceptional circumstance[s]," *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (alteration in original) (internal quotation marks omitted). Equitable tolling is generally reserved for situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96. Nevertheless, "[a] statute of limitations may be tolled as necessary to avoid inequitable circumstances." *Iavorski v. U.S. Immigration & Naturalization Serv.*, 232 F.3d 124, 129 (2d Cir. 2000). In determining whether equitable tolling is warranted, the Second Circuit has stated that a court "must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has

proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass*, 333 F.3d at 80-81 (internal quotation marks omitted).

Here, Plaintiff has not made any effort to demonstrate why equitable tolling is appropriate. He has neither made any showing that any potential member of the Putative Collective has a valid claim that would otherwise be barred by the applicable Statute of Limitations, nor shown that either Plaintiff or any potential member of the Putative Collective would suffer any prejudice in the absence of equitable tolling. Plaintiff has not set forth any "extraordinary circumstances," let alone "ordinary circumstances" that warrant the application of equitable tolling.

In *Hintergerger v. Catholic Health Sys.*, No. 08 Civ. 380S, 2009 U.S. Dist. LEXIS 97944 *46 (W.D.N.Y October 21, 2009), the Court denied the plaintiff's application for equitable tolling for the period where a motion for conditional certification was pending, stating that

> There are few cases in this Circuit that have touched on the issue of equitable tolling of an FLSA collective action. Cases in which tolling was granted have involved either: a court-imposed stay pending the Court's resolution of a dispositive motion, *Lee*, 236 F.R.D. at 199-200, a stipulation among the parties to toll the statute, *Roebuck v. Hudson Valley Farms*, 239 F. Supp. 2d 234, 240 n.10 (N.D.N.Y. 2002); *Hoffmann*, 982 F. Supp. at 260 n.14, tolling only for plaintiffs who already had filed consents, *Armstrong v. Homebridge Mortg. Bankers Corp.*, 07-CV-1024, 2009 U.S. Dist. LEXIS 91146, at *4-7 (E.D.N.Y. Sept. 30, 2009); or the employer's failure to post required notices advising employees of their FLSA rights, *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 369 (S.D.N.Y. 2007); *Baba v. Grand Central P'shp.*, 2000 U.S. Dist. LEXIS 17876 (S.D.N.Y. Dec. 8, 2000). None of those circumstances appear to exist here.

The Court further held that

> [i]n contrast to those cases where the employer allegedly failed to post requisite notice of employees' legal rights, Plaintiffs here have offered no allegations or proof from which this Court can conclude that a reasonably prudent potential plaintiff would not have known of his or her right to receive overtime pay after 40 hours. Pursuit of that right is not dependent on the commencement or certification of a collective action, and a reasonably diligent person could have acted by pursuing an individual or collective action for relief.

*Id.* at **47-48.

Similarly, in the present circumstances, there is no reason that any member of the Putative Collective would not have known of their rights with respect to Defendants' alleged wage and hour violations especially given Plaintiff's sworn allegations that:

- Other employees "complain[ed] about how it was unfair that they deducted an hour of pay for every work day, even though we were never actually permitted to take meal breaks and were required to work through our shifts." (Doc. No. 59 at pp. 12-13).
- Other employees "confirmed that they, too, were subject to the same policy of automatically deducting an hour each day from compensable working hours even though no lunch breaks were ever permitted." (*Id.* at p. 13)
- Other employees "confirmed that they, too, were not permitted to take lunch breaks but were still subject to an automatic deduction of one full hour from working houts each day, no matter what." (*Id.*)
- Other employees told Plaintiff that "they had spoken to employees at Il Palazzo, Novella, and SPQR and had learned that the policy of automatically deducting an hour's pay from compensable work time, even though lunch breaks were never permitted, was in place at those restaurants too." (*Id.*)

Furthermore, Courts in this Circuit have found that an application for equitable tolling in the context of a motion for conditional certification under the FLSA is premature. *See e.g.*, *Mendoza v. Ashiya Suchi 5, Inc.*, 12 Civ. 8629 (KPF), 2013 U.S. Dist. LEXIS 132777 (S.D.N.Y. September 16, 2013) (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (deeming it unnecessary to decide whether to toll the statute of limitations because it was unclear whether any potential plaintiffs would be barred from the action due to a delay in notice, and thus deferring the tolling question to be decided after the opt-in period, if potential plaintiffs with expired claims appeared in the action).

In all events, and at minimum, the issue of equitable tolling is premature. *E.g.*, *Balderramo v. Taxi Tours Inc.*, No. 15 Civ. 2181 (ER), 2017 U.S. Dist. LEXIS 89404 at *15 (S.D.N.Y. June 9, 2017) (The equitable tolling inquiry is "a highly factual issue that depends on what and when a

plaintiff knew or should have known — an inquiry that is simply impossible to conduct when opt-in plaintiffs and the facts specific to them have not yet been revealed.")

Accordingly, Plaintiff's application to toll the applicable statute of limitations until notice can be sent to the Putative Collective must be denied.

## **CONCLUSION**

For all the reasons set forth above, and in the accompanying Declaration of Nicholas Criscitelli, the Court should deny Plaintiff's motion in its entirety.

Dated: Hawthorne, New York
        July 27, 2018

TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP

By: _____
        Hillary J. Raimondi, Esq.
        Ali R. Jaffery, Esq.
        Seven Skyline Drive
        Hawthorne, New York 10532
        (914) 347-2600
        *Attorneys for Defendants 164 Mulberry St. Corp.*
        *d/b/a Da Nico, and Nicholas Criscitelli*

22