UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SEFERINO LEONARDO, on behalf of himself,
FLSA Collective Plaintiffs and the Class,                    :

                            Plaintiff,                    :

                                                   18-cv-3657 (VEC)

                    v.                    :

ASC, INC. d/b/a LA NONNA, 151 MULBERRY ST. CORP.    :
d/b/a IL PALAZZO, 164 MULBERRY ST. CORP. d/b/a
DA NICO, P.J'S OF LITTLE ITALY, INC. d/b/a PELLEGRINO'S    :
ESTATE OF ANNETTE SABATINO, PERRY CRISCITELLI
and NICHOLAS CRISCITELLI,                    :

                        Defendants.                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

**MEMORANDUM OF LAW  OF DEFENDANTS ASC, INC. d/b/a LA NONNA, THE
ESTATE OF ANNETTE SABATINO AND PERRY CRISCITELLI IN OPPOSITION TO
PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**

---

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................ 1

FACTUAL BACKGROUND .......................................................................... 5

  Plaintiff.................................................................................................. 5

  Defendants And The Non-Defendant Restaurants........................................ 7

ARGUMENT ............................................................................................ 8

  I.   LEGAL STANDARD ............................................................................ 8

  II.  THE DEFENDANT AND NON-DEFENDANT RESTAURANTS  DO NOT
      OPERATE AS A SINGLE EMPLOYER UNDER THE FLSA ......................... 11

  III. PLAINTIFF HAS NOT ESTABLISHED THAT HE IS  SIMILARLY
      SITUATED TO THE PROPOSED CLASS ............................................... 13

      A.   Plaintiff Has Failed To Establish The Required Nexus Between
          Himself And Employees At La Nonna Or The Other Restaurants........... 13

      B.   Plaintiff Has Failed To Establish That Tipped And Non-Tipped
          Employees Were Subject To The Same Wage And Hour Policies .......... 16

  IV. PLAINTIFF HAS NOT ALLEGED A POLICY OR PRACTICE
      WHICH VIOLATES THE FLSA ............................................................. 18

  V.  IF THE COURT APPROVES PLAINTIFF'S REQUEST  FOR CONDITIONAL
      CERTIFICATION – IN WHOLE OR IN PART -- PLAINTIFF'S PROPOSED
      NOTICE IS IMPROPER ...................................................................... 19

  VI.  PLAINTIFF'S REQUEST FOR EQUITABLE TOLLING SHOULD BE DENIED.. 24

CONCLUSION.......................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

Ali v. N.Y.C. Health & Hospitals Corp.,
No. 11 Civ. 6393, 2013 U.S. Dist. LEXIS 44091,
2013 WL 1245543 (S.D.N.Y. Mar. 27, 2013) ............................................. 14

Alvarez v. Schnipper Rests. LLC,
16 Civ 5779 (ER), 2017 U.S. Dist. LEXIS 204596,
2017 WL 6375793 (S.D.N.Y. Dec. 12, 2017) ....................................... passim

Bittencourt v. Ferrara Bakery & Café, Inc.,
310 F.R.D. 106 (S.D.N.Y. 2015) ................................................................ 20

Camara v. Kenner,
16-cv-7078 (JGK), 2018 U.S. Dist. LEXIS 54039,
(S.D.N.Y. Mar. 29, 2018) .......................................................................... 11

Canelas v. World Pizza,
14 Civ 7748 (ER), 2017 U.S. Dist. LEXIS 50615,
(S.D.N.Y. Mar. 31, 2017) ........................................................................ 18n

Carrasco v. Life Care Servs., Inc.,
17-cv-5617 (KBF), 2017 U.S. Dist. LEXIS 206682,
2017 WL 6403521 (S.D.N.Y. Dec. 15, 2017) ............................................... 9

Cheng XiaWang v. Shun Lee Palace Rest., Inc.,
17-CV-00840 (VSB), 2018 U.S. Dist. LEXIS 108437,
2018 WL 3155835 (S.D.N.Y. June. 28, 2018) ............................................ 17

Chowdhury v. Duane Reade, Inc.,
No. 06 Civ. 2295 (GEL), 2007 U.S. Dist. LEXIS 73853,
2007 WL 2873929, (S.D.N.Y. Oct. 2, 2007) ............................................... 22

Delaney v. Geisha NYC, LLC,
261 F.R.D. 55 (S.D.N.Y. 2009) .................................................................. 22

Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.,
27 F. Supp. 3d 313 (E.D.N.Y. 2014) .......................................................... 18

Diaz v. S & H Bondi's Dep't Store,
No. 10 Civ. 7676(PGG), 2012 U.S. Dist. LEXIS 5683,
2012 WL 137460, (S.D.N.Y. Jan. 18, 2012) ................................................. 9

Feng v. Hampshire Times,
   No. 14 Civ. 7102 (SHS) (JLC),
   2015 U.S. Dist. LEXIS 29899, 2015 WL 1061973, (S.D.N.Y. Mar. 11, 2015) 14

Fraticelli v. MSG Holdings, L.P.,
   No. 13-CV-6518(JMF), 2014 U.S. Dist. LEXIS 63167,
   2014 WL 1807105, (S.D.N.Y. May 7, 2014) ................................................... 9

Galindo v. East Cty. Louth Inc.,
   No. 16 Civ. 9149 (KPF) (S.D.N.Y. Jun. 6, 2017) .......................................... 10

Garcia v. Chipotle Mexican Grill, Inc.,
   16 Civ. 601 (ER), 2016 U.S. Dist. LEXIS 153531,
   (S.D.N.Y. Nov. 4, 2016) ...................................................................... 19, 24

Garcia v. Spectrum of Creations, Inc.,
   102 F. Supp. 3d 541 (S.D.N.Y. 2015) .................................................. 22, 23

Gordon v. Kaleida Health,
   299 F.R.D. 380, 405 n.25 (W.D.N.Y. 2014) ............................................... 18n

Hallissey v. Am. Online, Inc.,
   99-CIV-3785 (KTD), 2008 U.S. Dist. LEXIS 18387,
   2008 WL 465112 (S.D.N.Y. Feb. 19, 2008) ............................................... 21

Hamadou v. Hess Corp.,
   915 F. Supp. 2d 651 (S.D.N.Y. 2013) ....................................................... 20

Li v. Chinatown Take-Out Inc.,
   16 Civ. 7787 (JCM), 2018 U.S. Dist. LEXIS 28693,
   2018 WL 1027161 (S.D.N.Y. Feb. 21, 2018) ............................................. 13

Li v. Ichiro Rest., Inc.,
   14 Civ. 10242 (AJN) (JCF), 2015 U.S. Dist. LEXIS 151060,
   2015 WL 6828056 (S.D.N.Y. Nov. 5, 2015) .............................................. 23

Martinez v. Zero Otto Nove Inc.,
   No. 15 Civ. 899 (ER), 2016 U.S. Dist. LEXIS 82232,
   2016 WL 3554992 (S.D.N.Y. June 23, 2016) ............................................. 13

Mazur v. Olek Lejbzon & Co.,
   05 Civ. 2194 (RMB) (DF), 2005 U.S. Dist. LEXIS 30321,
   2005 WL 3240472 (S.D.N.Y. Nov. 30, 2005) ............................................. 20

Mendez v. U.S. Nonwovens Corp.,
    314 F.R.D. 30 (E.D.N.Y. 2016) ............................................................ 15, 18

Michael v. Bloomberg L.P.,
    14-cv-2657 (TPG), 2015 U.S. Dist. LEXIS 51030,
    2015 WL 1810157 (S.D.N.Y. Apr. 17, 2015) ........................................ 22, 23

Morris v. Lettire Constr., Corp.,
    896 F. Supp. 2d 265 (S.D.N.Y. 2012) ....................................................... 22

Myers v. Hertz Corp.,
    624 F.3d 537 (2d Cir. 2010) ....................................................................... 9

Nabi v. Hudson Grp. (HG) Retail, LLC,
    310 F.R.D. 119 (S.D.N.Y. 2015) ............................................................ 9, 13

Perez v. Westchester Foreign Autos, Inc.,
    No. 11-CV-6091, 2013 U.S. Dist. LEXIS 35808,
    2013 WL 749497, (S.D.N.Y. Feb. 28, 2013) ............................................... 10

Racey v. Jay-Jay Cabaret, Inc.,
    15 Civ. 8228 (KPF), 2016 U.S. Dist. LEXIS 67879,
    (S.D.N.Y. May 23, 2016) .......................................................................... 22

Reyes v. Nidaja, LLC,
    No. 14 Civ. 9812 (RWS), 2015 U.S. Dist. LEXIS 101728,
    2015 WL 4622587 (S.D.N.Y. Aug. 3, 2015) .......................................... 10, 14

She Jian Guo v. Tommy's Sushi Inc.,
    No. 14 Civ. 3964 (PAE), 2014 U.S. Dist. LEXIS 147981,
    2014 WL 5314822, (S.D.N.Y. Oct. 16, 2014) .............................................. 17

Taveras v. D&J Real Estate Mgmt. II, LLC,
    324 F.R.D. 39 (S.D.N.Y. 2018) ................................................................. 20

Vasto v. Credico (USA) LLC,
    No. 15 Civ. 9298 (PAE), 2016 U.S. Dist. LEXIS 60158,
    2016 WL 2658172, (S.D.N.Y. May 5, 2016) ................................................ 24

Velasquez v. Digital Page, Inc.,
    CV 11-3892 (LDW) (AKT), 2014 U.S. Dist. LEXIS 68538,
    (E.D.N.Y. May 19, 2014) .......................................................................... 21

Williams v. Movage, Inc.,
  17 Civ. 2628 (KPF), 2018 U.S. Dist. LEXIS 68892,
  2018 WL 1940435 (S.D.N.Y. Apr. 24, 2018) .............................................. 22

Yang v. Asia Mkt. Corp.,
  17-cv-6886 (VEC), 2018 U.S. Dist. LEXIS 56847,
  (S.D.N.Y. Apr. 3, 2018) ............................................................................. 13

Zivali v. AT & T Mobility, LLC,
  784 F. Supp. 2d 456 (S.D.N.Y. 2011) ....................................................... 18

## STATUTES

29 CFR 785.48(b) ........................................................................................ 18

29 U.S.C. § 255(a) ...................................................................................... 19

NYLL § 198(3) ............................................................................................. 19

Defendants ASC, Inc. d/b/a La Nonna ("La Nonna"), the Estate of Annette Sabatino and Perry Criscitelli respectfully submit this Memorandum of Law in Opposition to the Motion for Conditional Collective Certification of Plaintiff Seferino Leonardo ("Plaintiff"), individually and on behalf of all others similarly situated, and for court authorized notice pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA").[1]

## PRELIMINARY STATEMENT

Plaintiff commenced this action pursuant to the FLSA and New York Labor Law ("NYLL") alleging that defendants La Nonna, the Estate of Annette Sabatino and Perry Criscitelli as well as 151 Mulberry St. Corp. d/b/a Il Palazzo ("Il Palazzo"), 164 Mulberry St. Corp. d/b/a Da Nico ("Da Nico"), P.J.'s of Little Italy, Inc. d/b/a Pellegrino's ("Pellegrino's) and Nicholas Criscitelli failed to pay regular and overtime wages due to (i) time shaving, and (ii) rounding hours worked.

Plaintiff's Motion seeks conditional certification of all non-exempt tipped and non-tipped employees who worked in six restaurants – defendant restaurants La Nonna, Il Palazzo, Da Nico and Pellegrino's and non-defendant restaurants 133

---

[1] Presently before the Court is Plaintiff's motion for: (1) conditional certification of the FLSA Collective Action; (2) approval of Plaintiff's proposed notice and consent forms, including that such notice (if approved) be translated to Spanish; (3) production by Defendants of contact information for all potential opt-in plaintiffs; and (4) tolling of the FLSA statute of limitations until Plaintiff sends notice to potential opt-in plaintiffs.

Mulberry St. d/b/a SPQR ("SPQR") and 191 Grand Restaurant Corp. d/b/a Novella ("Novella")[2] – for the period of May 7, 2012 until the present.

Plaintiff's Motion for Conditional Certification is legally deficient and fails to comply with the lenient modest pleading standards for conditional certification.  First, Plaintiff has failed to demonstrate that La Nonna and the other five restaurants (defendants Il Palazzo, Da Nico and Pellegrino's and non-defendants Novella and SPQR)[3] constitute a single employer for FLSA purposes sufficient to establish that employees of all Restaurants were subject to the same wage and hour policies that allegedly violated the FLSA.

Second, the scope of the class that Plaintiff seeks to certify far exceeds what can be reasonably inferred from the evidence set forth for the following principle reasons: (a) the proposed class includes all employees without distinction to their positions, (b) the proposed class includes non-tipped and tipped employees, and (c) the proposed class includes employees from La Nonna, where Plaintiff worked, and employees from restaurants Il Palazzo, Pellegrino's, SPQR, Novella and Da Nico (four of which have long since closed).  Even assuming *arguendo* that Plaintiff made a sufficient showing that he was not paid for all hours and overtime worked, he has failed to make a sufficient showing that others were subjected to the same policies.  Specifically, Plaintiff has failed to establish that he is similarly situated

---

[2] SPQR is a named defendant in the First Amended Complaint, filed on May 16, 2018, but not in the proposed Second Amended Complaint, filed on June 21, 2018.  Novella has never been a party to this action, and as such, has no notice of this action.

[3] La Nonna, Il Palazzo, Da Nico and Pellegrino's, Novella and SPQR are collectively referred to herein as the "Restaurants."

to other dishwashers and other non-tipped kitchen employees (cooks, food preparers or porters/cleaners) at La Nonna.  Plaintiff fails to offer even a scintilla of evidence as to how non-tipped employees, like Plaintiff, could be similarly situated to tipped non-kitchen employees (waiters, bussers or runners) at La Nonna.  Plaintiff has also not alleged sufficient facts to establish that he is similarly situated to all tipped and non-tipped employees from the five other restaurants, none of which employed him at any time.

Third, Plaintiff does not provide any individualized facts concerning other employees and does not identify any employees from any restaurant other than La Nonna (Plaintiff identifies only current and former employees of La Nonna all of whom were non-tipped kitchen employees).  Plaintiff relies upon unsubstantiated observations and conversations and alleges that employees at some of the other restaurants complained of a similar meal break policy.  Plaintiff does not provide any detail or basis for his allegation that other employees at the Restaurants were subject to the same rounding policy that he complains of.  Indeed, the allegations provide no specific factual allegations against any defendant other than La Nonna; instead, Plaintiff relies upon conclusory assertions that are insufficient to establish the required factual nexus between himself and the prospective class.

Fourth, Plaintiff's claims fail as a matter of law.  Plaintiff posits two theories of purported wrongdoing: (i) he alleges that La Nonna improperly rounded his time to the quarter hour, and (ii) he alleges that La Nonna improperly deducted a one hour meal break from each shift that he worked.  The applicable law in this

circuit is well-settled that rounding of hours is permissible as long as the hours are rounded both up and down. Plaintiff's pay records confirm that La Nonna rounded his hours both ways. Moreover, Plaintiff was not damaged. If you calculate his pay by hours worked to the minute from the time clock records, Plaintiff was paid in excess of all hours that he actually worked. This is the benefit of rounding when the rounding occurs in both directions. With respect to La Nonna's meal break policy, Plaintiff was required to take a one hour meal break during his shifts. La Nonna provided daily meals to Plaintiff to eat during the meal breaks. Plaintiff never disputed or complained that he was unable to take his meal breaks. Indeed, beginning in 2015, La Nonna asked Plaintiff to review daily timesheets confirming whether on any day in that given week his meal break was more or less than the one hour allocated. Plaintiff reviewed and signed the meal break timesheets and never disputed any of them.

Fifth, even if the Court were to grant Plaintiff conditional certification – in whole or in part – which Defendants vehemently oppose, Plaintiff's proposed notice to potential opt-in plaintiffs is improper and misleading and should be rejected.

Finally, Plaintiff fails to establish any rare and exceptional circumstances to support his request for equitable tolling of the three-year FLSA statutes of limitation until such time that Plaintiff is able to send notice to potential opt-in plaintiffs, and as such, his request for equitable tolling should be denied.

Plaintiff's argument that because some of the defendant restaurants have previously been sued for alleged wage and hour violations judicial economy

4

mandates the certification of a global class here, is entirely baseless.  See Pl. Mem. at 2.  That argument wholly disregards the well-articulated standard for certification and is an obvious attempt to prejudice Defendants.  Indeed, in only one of those actions a class was certified (by stipulation) pre-motion and that certified class was limited to only one restaurant (La Nonna) and to tipped employees.

Accordingly, Plaintiff's Motion should be denied in its entirety.

## FACTUAL BACKGROUND

Defendants La Nonna, the Estate of Annette Sabatino and Perry Criscitelli rely upon the Affidavit of Perry Criscitelli, sworn to on July 26, 2018 ("P. Criscitelli Aff."), which is submitted herewith, the Declaration of Nicholas Criscitelli, dated July 26, 2018 ("N. Criscitelli Dec."), the Declaration of Seferino Leonardo, sworn to on July 11, 2018 ("Pl. Dec."), the First Amended Complaint, filed on May 16, 2018, and the proposed Second Amended Complaint, filed on June 21, 2018. The relevant facts are also summarized below.

### Plaintiff

Plaintiff was employed as a dishwasher for La Nonna from on or about April 21, 2012 through his resignation on January 2, 2016.  As a dishwasher at La Nonna, Plaintiff's job responsibilities included washing dishes, pots and pans used in food preparation or food service, helping clean the food preparation stations in the kitchen, and removing the garbage.  Plaintiff did not have any job responsibilities with respect to food preparation or food service.

Plaintiff was a non-exempt employee who was paid hourly and was eligible for overtime. Plaintiff did not receive tips for work performed. Plaintiff was required to clock-in and clock-out at the beginning and end of every shift. Plaintiff was also required to take mandatory one hour meal breaks and provided with meals to eat during his breaks. On a weekly basis, Plaintiff was asked to sign his time clock reports and/or work schedule reports to confirm the accuracy of the hours he worked prior to receiving his pay checks. Beginning in 2015, Plaintiff was also given the opportunity to review daily meal break timesheets confirming whether on any day in that given week his meal break was more or less than the one hour allocated. Plaintiff reviewed and signed the daily meal break timesheets and never disputed that he took a minimum of a one hour lunch break. In fact, the only time he commented on his timesheets was to disclose that he took more than a one hour lunch break. Based upon Plaintiff's time clock entries, Plaintiff's hours were rounded both up and down to the quarter hour. Plaintiff's pay records confirm that La Nonna rounded his hours both ways and was not underpaid for all regular and overtime hours worked. Plaintiff never complained about being paid improperly or that he was not paid for time worked during meal breaks.

La Nonna employs non-tipped employees including dishwashers, a porter (cleaning person), and various cooks and food preparers. La Nonna also employs tipped employees including a maître d' (or head waiter), waiters, runners and busboys. La Nonna employs separate wage and hour policies for tipped and

6

non-tipped employees.  La Nonna does not have a policy of editing or shaving employees' time

Plaintiff never worked at Il Palazzo, Pellegrino's, Da Nico, SPQR or Novella during the time period that he was employed at La Nonna.

## Defendants And The Non-Defendant Restaurants

La Nonna, Il Palazzo, Da Nico, Pellegrino's, SPQR and Novella are separate and distinct corporate entities that have always operated – in all respects – independently.  Each restaurant has its own owners, management, bank accounts, employee policies, payroll practices, bookkeeping, accounting, inventory and employees.

La Nonna is owned by the Estate of Annette Sabatino.  Perry Criscitelli has always served as the General Manager of La Nonna.  As the General Manager, Perry Criscitelli oversees all management and operations of La Nonna, including but not limited to hiring and firing of employees, bookkeeping, inventory, payroll and wage and hour policies. Employees of La Nonna were not employed interchangeably at Il Palazzo, Pellegrino's, Da Nico, SPQR or Novella.

Da Nico is owned and managed by Nicholas Criscitelli.  Perry Criscitelli has no ownership interest in Da Nico or role in its management.

Il Palazzo was formerly owned by Annette Sabatino and closed on March 25, 2015.  Perry Criscitelli served as the General Manager of Il Palazzo and oversaw all management and operations.

7

Pellegrino's was formerly owned by Annette Sabatino and closed on January 11, 2017.  Perry Criscitelli served as the General Manager of Pellegrino's and oversaw all management and operations.

SPQR is a named defendant in the First Amended Complaint, filed on May 16, 2018, but not in the proposed Second Amended Complaint, filed on June 21, 2018.  SPQR was formerly owned by Annette Sabatino and filed for bankruptcy in early 2012, the assets were subsequently sold at auction and the bankruptcy action was dismissed (see Case No. 12-10297(JMP) (Bankr. S.D.N.Y.)).  SPQR closed on or about January 31, 2013.

Novella is not a named defendant in this action.  Annette Sabatino was an owner of Novella, which closed in or about June/July 2014.

Perry Criscitelli had no ownership or management role in SPQR or Novella.

## ARGUMENT

### I.   LEGAL STANDARD

"The Second Circuit has endorsed a two-step framework for determining whether a court should certify a case as a collective action under § 216(b) . . . [which analyzes] whether prospective plaintiffs are 'similarly situated' at two different stages: an early 'notice stage,' and again after discovery is largely complete."  See Alvarez v. Schnipper Rests. LLC, 16 Civ. 5779 (ER), 2017 U.S. Dist. LEXIS 204596, *4, 2017 WL 6375793 (S.D.N.Y. Dec. 12, 2017) (citations omitted).  At the first step—conditional certification—Plaintiff bears the burden of

making a "modest factual showing" that Plaintiff and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." Carrasco v. Life Care Servs., Inc., 17-cv-5617 (KBF), 2017 U.S. Dist. LEXIS 206682, *4, 2017 WL 6403521 (S.D.N.Y. Dec. 15, 2017) (internal citations omitted). "At the second step, defendants have the opportunity to move for decertification if, after additional discovery, the record shows that the opt-in plaintiffs are not, in fact, similarly situated to the named plaintiffs." Id. at *5.

Here, at the first pre-discovery step, the Court must find "some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular practice." Alvarez, 2017 U.S. Dist. LEXIS 204596 at *10. "While plaintiffs' burden is modest, 'it is not non-existent,' and generally cannot be satisfied by "'unsupported assertions.'" Nabi v. Hudson Grp. (HG) Retail, LLC, 310 F.R.D. 119, 122 (S.D.N.Y. 2015) (quoting Fraticelli v. MSG Holdings, L.P., No. 13-CV-6518(JMF), 2014 U.S. Dist. LEXIS 63167, 2014 WL 1807105, *1 (S.D.N.Y. May 7, 2014)). See also Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) ("A modest factual showing cannot be satisfied simply by unsupported assertions."), cert. denied, 565 U.S. 930 (2011). Plaintiff must offer "substantial allegations" demonstrating a "factual nexus" between himself and the potential opt-in plaintiffs. Diaz v. S & H Bondi's Dep't Store, No. 10 Civ. 7676(PGG), 2012 U.S. Dist. LEXIS 5683, 2012 WL 137460, *3 (S.D.N.Y. Jan. 18, 2012). "While conditional certification can be predicated on a single affidavit, that affidavit must be sufficiently detailed and not conclusory." Transcript of Order Denying

9

Conditional Certification, Dkt. 55 at 7, <u>Galindo v. East Cty. Louth Inc.</u>, No. 16 Civ. 9149 (KPF) (S.D.N.Y. Jun. 6, 2017) (denying conditional certification where plaintiff provided no detail concerning the "broad class" of employees for which he sought conditional certification).  "Allegations that suffice to warrant conditional certification include ones where the affiant's statements are corroborated even to a small degree by, for example, other affiants, evidence known to the plaintiff or defense submissions, or where the affiant worked at several locations or in several different capacit[ies], and, thus, could speak more meaningfully to firsthand experiences." <u>Id</u>. <u>See</u> <u>also</u> <u>Reyes v. Nidaja, LLC</u>, No. 14 Civ. 9812 (RWS), 2015 U.S. Dist. LEXIS 101728, *7, 2015 WL 4622587 (S.D.N.Y. Aug. 3, 2015) ("where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations").

Courts in this district will determine whether multiple defendants constitute a single employer under the FLSA by applying the single enterprise test which considers: (1) interrelations of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership and financial control." <u>Perez v. Westchester Foreign Autos, Inc.</u>, No. 11-CV-6091, 2013 U.S. Dist. LEXIS 35808, 2013 WL 749497, *7 (S.D.N.Y. Feb. 28, 2013).  Other courts in this district rely upon the "economic reality" test adopted by the Second Circuit: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment,

10

(3) determined the rate and method of payment, and (4) maintained employment records." <u>Camara v. Kenner</u>, 16-cv-7078 (JGK), 2018 U.S. Dist. LEXIS 54039, *18 (S.D.N.Y. Mar. 29, 2018).

## II.  THE DEFENDANT AND NON-DEFENDANT RESTAURANTS <u>DO NOT OPERATE AS A SINGLE EMPLOYER UNDER THE FLSA</u>

Plaintiff's broad-based, conclusory allegations against the defendant restaurants (La Nonna, Il Palazzo, Da Nico and Pellegrino's) and non-defendant restaurants (SPQR and Novella) fail to establish that the Restaurants are a single employer under either the single integrated enterprise test or the economic realities test.  Plaintiff relies solely upon the bald assertions that the Restaurants must be interrelated because they are variously owned by the individual defendants who are family members and because the Restaurants are all located in Little Italy and serve similar menus and clientele.  Moreover, Plaintiff fails to show how the restaurants (other than La Nonna where he was indisputably employed) had any control or supervision over him.  <u>Camara</u>, 2018 U.S. Dist. LEXIS 54039 at *23.

First and foremost, the Restaurants are distinct legal entities that lack common ownership.  The Restaurants are not and have never been jointly owned by individual defendants Perry Criscitelli, Nicholas Criscitelli and Annette Sabatino (now her estate).  As is set forth in the accompanying Affidavit of Perry Criscitelli, Perry Criscitelli has no ownership interest in any of the restaurants.  P. Criscitelli Aff. ¶ 1. Nicholas Criscitelli is the owner of Da Nico's.  N. Criscitelli Dec. ¶ 3.  Annette Sabatino had ownership interest in SPQR, Novella, Il Palazzo and Pellegrino's until

those restaurants closed; her estate now owns La Nonna.  P. Criscitelli Aff. ¶¶ 1, 4 & 5.[4]

Second, the Restaurants do not share common management.  Indeed, of the currently operating restaurants, La Nonna is solely managed by Perry Criscitelli and Da Nico is solely managed by Nicholas Criscitelli.  P. Criscitelli Aff. ¶ 1, 3.  During their operation, Perry Criscitelli also managed Il Palazzo and Pellegrino's; Perry Criscitelli had no role in the management of the other restaurants (SPQR and Novella). Id. ¶ 1, 7. Furthermore, the Restaurants have different bookkeeping and accounting. Id. ¶ 6; N. Criscitelli Dec. ¶ 4.

Third, employees of La Nonna were not interchangeable with employees from any other restaurant.  P. Criscitelli Aff. ¶ 8; N. Criscitelli Dec. ¶¶ 5-6.  Plaintiff indisputably was employed at all times by La Nonna and was hired and paid for work performed solely at La Nonna and did not perform work on behalf of any other restaurant.  Pl. Dec. ¶ 1; P. Criscitelli Aff. ¶¶ 11-13.  All wage and hour policies and paychecks that Plaintiff received were from La Nonna and he signed weekly timesheets and/or work schedules for work performed at La Nonna.  P. Criscitelli Aff. ¶ 11, 15-17 & Exs. A-D; Pl. Mot. at Exs. F, G, H & I.

Finally, La Nonna and the other restaurants did not share inventory.  P. Criscitelli Aff. ¶ 6; N. Criscitelli Dec. ¶ 7.

---

[4] Indeed, the news articles and liquor licenses which Plaintiff relies upon (Pl. Mot. at Exs. B & E), none of which confirm the ownership/management of the Restaurants, are largely consistent with Perry Criscitelli's Affidavit and the Nicholas Criscitelli's Declaration in which they each affirm that Nicholas Criscitelli is the owner of Da Nico and that Annette Sabatino had ownership interest in Il Palazzo, Pellegrino's, La Nonna, SPQR and Novella.

Accordingly, Plaintiff has failed to establish that the Restaurants operate as a single employer.

### III.   PLAINTIFF HAS NOT ESTABLISHED THAT HE IS SIMILARLY SITUATED TO THE PROPOSED CLASS

#### A. Plaintiff Has Failed To Establish The Required Nexus Between Himself And Employees At La Nonna Or The Other Restaurants

Courts in the Second Circuit regularly deny conditional class certification where plaintiffs fail to allege similarity with workers in other positions or who worked at other locations.  See e.g., Yang v. Asia Mkt. Corp., 17-cv-6886 (VEC), 2018 U.S. Dist. LEXIS 56847, *4-5 (S.D.N.Y. Apr. 3, 2018) (denying conditional certification where plaintiff, a cashier, failed to show that she was similarly situated to other cashiers, drivers and a stocker at defendants' store where "every reference to her coworkers' experiences and potential claims is—repeatedly—merely '[b]ased on [her] personal observation and conversations with other co-workers.'"); Li v. Chinatown Take-Out Inc., 16 Civ. 7787 (JCM), 2018 U.S. Dist. LEXIS 28693, *11-12, 2018 WL 1027161 (S.D.N.Y. Feb. 21, 2018) (denying conditional certification where plaintiffs failed to establish similarity to other fry woks and miscellaneous workers at the restaurant, including who the other employees are or whether they qualified for overtime); Martinez v. Zero Otto Nove Inc., No. 15 Civ. 899 (ER), 2016 U.S. Dist. LEXIS 82232, *12-13, 2016 WL 3554992 (S.D.N.Y. June 23, 2016) (denying conditional certification where plaintiffs (dishwasher, cook and food preparer) failed to show they were similarly situated to all kitchen staff in defendants' 3 restaurants); Nabi v. Hudson Grp. (HG) Retail, LLC, 310 F.R.D. 119, 123 (S.D.N.Y. 2015) (denying

conditional certification of managers at Hudson News newsstands where plaintiffs made no showing, based on personal knowledge, observation, hearsay testimony, or otherwise, that all management positions were misclassified); Reyes v. Nidaja, LLC, No. 14 Civ. 9812 (RWS), 2015 U.S. Dist. LEXIS 101728, *3, 2015 WL 4622587 (S.D.N.Y. Aug. 3, 2015) (denying conditional certification premised on plaintiff's "bare assertion that other employees also worked overtime without compensation"); Feng v. Hampshire Times, No. 14 Civ. 7102 (SHS) (JLC), 2015 U.S. Dist. LEXIS 29899, 2015 WL 1061973, *3 (S.D.N.Y. Mar. 11, 2015) (denying certification where the accompanying seven affidavits contained the identical statement that the affiants were unaware of other employees receiving overtime pay); Ali v. N.Y.C. Health & Hospitals Corp., No. 11 Civ. 6393, 2013 U.S. Dist. LEXIS 44091, *8, 2013 WL 1245543 (S.D.N.Y. Mar. 27, 2013) (denying conditional certification where plaintiff relied upon "conversations with other respiratory therapists," without providing detail about the conversations or their substance).

Here, Plaintiff's allegations are too conclusory to demonstrate that Plaintiff, a former La Nonna dishwasher, is similarly situated to (i) other non-tipped kitchen positions at La Nonna, (ii) other tipped non-kitchen positions at La Nonna, or (iii) employees at any other restaurant.  Plaintiff broadly alleges that he and "other employees of the Restaurants": (a) regularly worked in excess of 40 hours per workweek; (b) had similar regular and overtime pay rates; (c) were required to clock out at the beginning and end of each work shift; (d) had a one hour meal break deducted per workday, which they were not permitted to take; (e) had their hours

14

rounded to the quarter hour; and (f) did not receive proper wage and hour notices. Pl. Dec. ¶¶ 4-5, 10, 16, 18.  Plaintiff also broadly alleges that in mid-2015 (after Il Palazzo, SPQR and Novella closed), Perry Criscitelli forced Plaintiff and other employees of La Nonna and the other restaurants to sign timesheets confirming that they took meal breaks, despite not being permitted to take them.  Id. ¶ 15.  See also Mendez v. U.S. Nonwovens Corp., 314 F.R.D. 30, 50 (E.D.N.Y. 2016) (denying motion for certification of employees who allegedly were subject to an automatic 30-minute meal deduction where plaintiffs could not provide evidence that employees were forced to work through lunch).

Plaintiff identifies five La Nonna employees, all of whom are current or former La Nonna kitchen employees, and broadly alleges that he heard four of those employees complain that La Nonna deducted one hour daily for meal breaks that they could not take.[5]  None of these employees work for the other defendant restaurants and none of the employees are tipped.[6]  Plaintiff broadly alleges that a few unidentified employees at Pellegrino's and Da Nico also complained that they were not paid for a one hour meal break that they were not permitted to take.  Pl. Dec. ¶¶ 12-13.  Plaintiff's only allegations with respect to Il Palazzo, Novella and SPQR are hearsay; Plaintiff alleges that a few La Nonna kitchen employees told him that they had spoken to unidentified employees at Il Palazzo, Novella and SPQR and learned that they were not permitted to take a daily one hour meal break which was

---

[5] La Nonna has no record of the sixth employee referred to only as "Yoyo."

[6] One of the six employees identified was promoted from a non-tipped to tipped position during his employment.

automatically deducted from their pay.  Id. ¶ 14.  Finally, Plaintiff's allegation that he saw paystubs of La Nonna kitchen employees and other unidentified employees at the other restaurants lacks the specificity required to establish a common rounding practice.  Plaintiff provides no specifics or detail concerning the paystubs and offers no explanation of how he had the opportunity to observe the paystubs of La Nonna employees or employees of the other restaurants.

Accordingly, Plaintiff has not met his burden of showing that he and other employees at La Nonna and the other restaurants suffered from a common policy of minimum wage, overtime and rounding violations.

### B. Plaintiff Has Failed To Establish That Tipped And Non-Tipped Employees Were Subject To The Same Wage And Hour Policies

Plaintiff completely ignores the well-known fact that some restaurant employees receive tips and others do not.  Plaintiff has made no showing, based on personal knowledge, observation, hearsay testimony, or otherwise, that tipped positions at La Nonna (i.e., maître d' (or head waiter), waiters, runners and busboys) are similarly situated with respect to pay rate or wage and hour policies to his non-tipped dishwasher position or other non-tipped positions (cooks, food preparers and porters/cleaners).  Nor does Plaintiff make any allegations that non-tipped and tipped positions at the other restaurants are similarly situated to him.  Indeed, the record is devoid of any specific information about other non-tipped and tipped positions, some of which La Nonna (and possibly the other restaurants) does not employ, including delivery persons, counter persons, stock persons and cashiers.

Courts routinely deny conditional certification where plaintiffs offer no evidence with respect to the wage and hour policies of employees in different positions. See e.g., Cheng XiaWang v. Shun Lee Palace Rest., Inc., 17-CV-00840 (VSB), 2018 U.S. Dist. LEXIS 108437, *12, 2018 WL 3155835 (S.D.N.Y. June. 28, 2018) (granting conditional certification of tipped delivery persons and wait staff at two restaurants where plaintiffs provided affidavits from several delivery persons and one waiter and denying certification with respect to employees in other positions where the allegations were conclusory and unsupported); Alvarez v. Schnipper Rests. LLC, 16 Civ. 5779 (ER), 2017 U.S. Dist. LEXIS 204596, *14, 2017 WL 6375793 (S.D.N.Y. Dec. 12, 2017) (denying conditional certification of tipped delivery workers and non-tipped workers of multiple restaurants and certifying a collective action limited to only those employees with responsibilities similar to the plaintiff); She Jian Guo v. Tommy's Sushi Inc., No. 14 Civ. 3964 (PAE), 2014 U.S. Dist. LEXIS 147981, 2014 WL 5314822, *3-4 (S.D.N.Y. Oct. 16, 2014) (certifying collective of tipped delivery workers only where plaintiff provided "vague, conclusory, and unsupported assertions" about other types of tipped and non-tipped employees).

Thus, the Court should deny Plaintiff's request to conditionally certify tipped and non-tipped employees of La Nonna and the other restaurants.

## IV.   PLAINTIFF HAS NOT ALLEGED A POLICY
##        OR PRACTICE WHICH VIOLATES THE FLSA

Plaintiff's claims that La Nonna's policies of rounding to the nearest quarter hour and automatic meal deductions are improper is false.  The FLSA allows employers to round employee time to the nearest quarter hour, as long as time is uniformly rounded both up and down.  See 29 CFR 785.48(b).[7]  Indeed, pay records that Plaintiff has relied upon indicate that his time was both rounded up and down.  Pl. Mot. at Exs. F & H.  See also P. Criscitelli Aff. at Exs. C & D.  Likewise, automatic meal deductions are not improper.  See e.g., Zivali v. AT & T Mobility, LLC, 784 F. Supp. 2d 456, 461 (S.D.N.Y. 2011) (finding that an employer's timekeeping system is lawful under the FLSA "as long as it allows for the complete and accurate recording of all time worked"); Desilva v. N. Shore-Long Island Jewish Health Sys., Inc., 27 F. Supp. 3d 313, 321 (E.D.N.Y. 2014) ("[C]ourts in this circuit have recognized . . . [that] automatic meal deduction policies are not per se illegal.").  In addition, in 2015, La Nonna implemented a practice of asking employees to review and sign timesheets confirming that they took their one hour meal breaks and providing employees with the opportunity to review their time and report if they took a meal break that was more or less than one hour.  See P. Criscitelli Aff. ¶ 18 & Ex. D.  See also Mendez v. U.S. Nonwovens Corp., 314 F.R.D. 30, 50 (E.D.N.Y. 2016) (denying motion for certification of employees who allegedly were subject to an automatic 30-minute

---

[7] Although "no New York statute or regulation addresses the permissibility of rounding policies, New York's Department of Labor generally follows the FLSA and related regulations."  Canelas v. World Pizza, 14 Civ. 7748 (ER), 2017 U.S. Dist. LEXIS 50615, *25 (S.D.N.Y. Mar. 31, 2017) (quoting Gordon v. Kaleida Health, 299 F.R.D. 380, 405 n.25 (W.D.N.Y. 2014)).

meal deduction post-discovery where plaintiffs could not provide evidence that employees were forced to work through lunch).   Thus, Plaintiff's allegations regarding the manner in which he was paid do not reflect unlawful practice under the FLSA.

**V.    IF THE COURT APPROVES PLAINTIFF'S REQUEST
FOR CONDITIONAL CERTIFICATION – IN WHOLE OR IN PART --
PLAINTIFF'S PROPOSED NOTICE IS IMPROPER**

For all of the reasons set forth above, Plaintiff's Motion for Conditional Certification should be denied.   However, even if the Court finds that Plaintiff has established that he is similarly situated to other non-tipped employees at La Nonna, Plaintiff's proposed Notice of Pendency of Lawsuit Regarding Wages (Pl. Mot. at Ex. J) ("Plaintiff's Proposed Notice") is improper.

First, Plaintiff's request that the Proposed Notice be sent to all employees of all of the Restaurants from May 7, 2012 to the present (within six years prior to the filing of the Complaint) because Plaintiff has brought both FLSA and NYLL claims is outrageous.   The FLSA has a two-year statute of limitations, or three years in the case of willful violations (29 U.S.C. § 255(a)) and Plaintiff has not even moved for certification of the NYLL claims, which have a six-year statute of limitations (NYLL § 198(3)).   Furthermore, courts considering conditional certification in FLSA and NYLL actions commonly find that three years is the appropriate period for notice.   Garcia v. Chipotle Mexican Grill, Inc., 16 Civ. 601 (ER), 2016 U.S. Dist. LEXIS 153531, *32 (S.D.N.Y. Nov. 4, 2016) (denying plaintiff's request for a collective reaching back six years and for equitable tolling and finding three year

19

notice period appropriate).  See also Taveras v. D&J Real Estate Mgmt. II, LLC, 324 F.R.D. 39, 47 (S.D.N.Y. 2018) (permitting collective notice for three years from filing the complaint where plaintiff alleged FLSA and NYLL claims); Alvarez, 2017 U.S. Dist. LEXIS 204596 at *15 (same); Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) (finding 3-year FLSA notice period appropriate where plaintiffs did not yet move for certification of their NYLL claims).

Second, Plaintiff's Proposed Notice is not neutral.  The Proposed Notice does not plainly state that it is not intended to imply that the recipient of such notice would be entitled to monetary recovery.  See Taveras, 324 F.R.D. at 46-47 ("the language in any notice must be neutral and non-threatening, neither suggesting that Plaintiffs' claims have merit nor discouraging potential opt-in plaintiffs from opting into this action"); Mazur v. Olek Lejbzon & Co., 05 Civ. 2194 (RMB) (DF), 2005 U.S. Dist. LEXIS 30321, *21, 2005 WL 3240472 (S.D.N.Y. Nov. 30, 2005) (granting defendants' request for inclusion of the following language "This notice does not mean that you have a valid claim or that you are entitled to any monetary recovery. Any such determination must still be made by the Court.").  Similarly, the Proposed Notice does not plainly state that Defendants deny that they violated the law, owe any employee additional compensation and owe liquidated damages.  See Bittencourt v. Ferrara Bakery & Café, Inc., 310 F.R.D. 106, 117 (S.D.N.Y. 2015) (finding sufficient the notice language that defendant "denies that it violated the law, that it owes any employee any additional compensation, and that it owes liquidated damages"). Plaintiff's Proposed Notice should identify Defendants' attorneys' names,

addresses, emails and telephone numbers as well as Plaintiff's attorney.  Id. at 118

(requiring inclusion of defendants' counsel's contact information in the notice and

recognizing that "[c]ourts in this Circuit have generally concluded that [the contact

information of defendants' counsel] is appropriate for inclusion in a notice of

collective action").  Finally, Plaintiff's Proposed Notice should also require that any

potential opt-in plaintiffs send their consent forms to the Clerk of the Court and not

to Plaintiff's counsel.  See Hallissey v. Am. Online, Inc., 99-CIV-3785 (KTD), 2008

U.S. Dist. LEXIS 18387, *13, 2008 WL 465112 (S.D.N.Y. Feb. 19, 2008) (requiring

that consent forms be submitted to the court only); Velasquez v. Digital Page, Inc.,

CV 11-3892 (LDW) (AKT), 2014 U.S. Dist. LEXIS 68538, *40 (E.D.N.Y. May 19,

2014) (directing that opt-in notices be returnable to the Clerk of Court, which it

recognized is the "common practice in the Eastern District").

   Third, Plaintiff's request for the "names, social security numbers, titles,

compensation rates, dates of employment, last known mailing addresses, email

addresses, and all known telephone numbers" is overly broad.  (Pl. Proposed Order

Ex. 1 ¶ 4.).  Plaintiff offers no argument as to why all of the requested information

is necessary to reach the potential opt-in plaintiffs.  There are significant privacy

concerns for disclosing such information, particularly social security numbers.

Indeed, courts have repeatedly denied production of social security numbers, instead

permitting plaintiffs leave to renew their application if plaintiffs have established a

basis for believing that the methods used to reach the potential opt-in plaintiffs were

unsuccessful.  See Garcia v. Spectrum of Creations, Inc., 102 F. Supp. 3d 541, 551

(S.D.N.Y. 2015) (denying plaintiffs' request for production of social security numbers where it was premature that the methods of reaching the potential opt-in plaintiffs were not effective); Michael v. Bloomberg L.P., 14-cv-2657 (TPG), 2015 U.S. Dist. LEXIS 51030, *10, 2015 WL 1810157 (S.D.N.Y. Apr. 17, 2015) (same); Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 60 (S.D.N.Y. 2009) ("If Plaintiffs find that a large number of notices are returned as undeliverable, the Court can consider the [request for disclosure of social security numbers] at that time."); Chowdhury v. Duane Reade, Inc., No. 06 Civ. 2295 (GEL), 2007 U.S. Dist. LEXIS 73853, 2007 WL 2873929, *6 (S.D.N.Y. Oct. 2, 2007) (denying production of social security numbers where plaintiff had "not demonstrated that such information will aid in further reducing the already low number of notices that were returned undeliverable").   To the extent that disclosure of current and former employee contact information for the Restaurants is required, disclosure should be limited to name, last known mailing address, telephone number and email address (if known). See Williams v. Movage, Inc., 17 Civ. 2628 (KPF), 2018 U.S. Dist. LEXIS 68892, *21, 2018 WL 1940435 (S.D.N.Y. Apr. 24, 2018) (recognizing that disclosure by defendants of only the names, addresses, phone numbers, and email addresses of potential plaintiffs is appropriate); Racey v. Jay-Jay Cabaret, Inc., 15 Civ. 8228 (KPF), 2016 U.S. Dist. LEXIS 67879, *31 (S.D.N.Y. May 23, 2016) (same); Morris v. Lettire Constr., Corp., 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) (same).

Finally, the notice and consent should be distributed via first class mail. See Li v. Ichiro Rest., Inc., 14 Civ. 10242 (AJN) (JCF), 2015 U.S. Dist. LEXIS

151060, *21, 2015 WL 6828056 (S.D.N.Y. Nov. 5, 2015) (authorizing mailing of the proposed notice and consent forms).  Indeed, La Nonna has previously provided to Plaintiff's counsel Mr. Leonardo's complete personnel file and all wage and payroll information in its possession, which notably did not include his email address.  Thus, it is highly likely that other La Nonna employees (and the employees of the other restaurants) did not provide email addresses such that distribution by first class mail is the best and most practical means of distributing the notice and consent.  Plaintiff's request that the notice and consent forms be posted at the Restaurants should also be denied.  (Pl. Proposed Order Ex. 1 ¶ 4.)  Posting of the proposed notice at the Restaurants will have negative effects on the workplace environment, including distracting employees from their work and potentially inciting strife amongst the employees depending on their positions concerning whether or not to join the class as opt-in plaintiffs.  Furthermore, posting the notice at the Restaurants will only serve to notify current employees, who will receive the same notice by mail.  Current employees have a vested interest in their employers having the correct contact information.  Thus, the Court should decline to order that the notice and consent be posted at the Restaurants.  See e.g., Garcia v. Spectrum of Creations, Inc., 102 F. Supp. 3d 541, 551 (S.D.N.Y. 2015) (denying plaintiff's request that the notice and consent be posted at defendants' place of business and "recogniz[ing] that a posting of notice in the workplace is not always an effective or even appropriate way to reach similarly situated employees, and that such a posting may have negative effects on the workplace environment"); Michael v. Bloomberg L.P., 2015 U.S. Dist.

23

LEXIS 51030 at *10 (posting of notice in workplace is not appropriate "absent a showing that a significant number of notices were returned as undeliverable").

Accordingly, to the extent that the Court determines that notice to potential opt-in plaintiffs is appropriate, the Court should order that Plaintiff's Proposed Notice be modified as set forth above.

## VI.   PLAINTIFF'S REQUEST FOR EQUITABLE TOLLING SHOULD BE DENIED

Plaintiff's request for equitable tolling of the three-year FLSA statutes of limitation until such time that Plaintiff is able to send notice to potential opt-in plaintiffs should be denied.   Equitable tolling is only appropriate "in rare and exceptional circumstances, where a plaintiff has been prevented in some extraordinary way from exercising his rights." Garcia v. Chipotle Mexican Grill, Inc., No. 16 Civ. 601 (ER), 2016 U.S. Dist. LEXIS 153531, *31, 2016 WL 6561302 (S.D.N.Y. Nov. 4, 2016) (quoting Vasto v. Credico (USA) LLC, No. 15 Civ. 9298 (PAE), 2016 U.S. Dist. LEXIS 60158, 2016 WL 2658172, *16 (S.D.N.Y. May 5, 2016)). See also Alvarez, 2017 U.S. Dist. LEXIS 204596 at *15 (finding that the appropriate time period for the notice to potential opt-in plaintiffs was a period of time dating back three years prior to the filing of the Complaint where plaintiff failed to show any rare and exceptional circumstances to support equitable tolling). Plaintiff has made no such showing and has not offered any justification for such request.

## CONCLUSION

For all of the reasons set forth above, the Court should deny Plaintiff's

Motion in its entirety.

Dated:  New York, New York
         July 27, 2018

PADUANO & WEINTRAUB LLP


By:   /s/ Meredith Cavallaro

      Meredith Cavallaro
      Alicia Valenti
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100
mcavallaro@pwlawyers.com
ae@pwlawyers.com

Attorneys for Defendants
ASC Inc. d/b/a La Nonna, Perry Criscitelli
and the Estate of Annette Sabatino

25