```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
SEFERINO LEONARDO,                                            :
                                                              :
                                        Plaintiff,            :
                                                              :
                    -against-                                 :
                                                              :         18-CV-3657 (VEC)
                                                              :
ASC, INC. (d/b/a La Nonna), 151 MULBERRY                      :         MEMORANDUM
ST. CORP. (d/b/a Il Palazzo), 164 MULBERRY                    :         OPINION AND ORDER
ST. CORP. (d/b/a Da Nico), P.J.'S OF LITTLE                   :
ITALY, INC. (d/b/a Pellegrino's), ESTATE OF                   :
ANNETTE SABATINO, PERRY CRISCITELLI,                          :
and NICHOLAS CRISCITELLI,                                     :
                                                              :
                                        Defendants.           :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/14/2018

VALERIE CAPRONI, United States District Judge:

Plaintiff Seferino Leonardo has sued his former employer and related entities for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq. See* Second Amended Complaint ("SAC"), Dkt. 74. Plaintiff moves for conditional certification of a collective pursuant to § 216(b) of the FLSA. *See* Notice of Mot., Dkt. 57. For the following reasons, Plaintiff's motion is GRANTED IN PART.

## BACKGROUND

Plaintiff worked as a dishwasher for Defendant ASC, Inc. ("La Nonna"), an Italian restaurant in Manhattan, between April 2012 and January 2016. *See* SAC ¶ 27; Leonardo Decl., Dkt. 59, ¶ 1. During that time, La Nonna was owned by the late Annette Sabatino, whose estate is sued here, and was managed by Defendant Perry Criscitelli, who was Annette Sabatino's husband. *See* SAC ¶ 10; P. Criscitelli Decl., Dkt. 70, ¶ 1.

Plaintiff alleges that, each day, Defendants deducted one hour from his compensable hours for a "lunch break." *See* Leonardo Decl. ¶ 10.[1] Plaintiff alleges that was improper and resulted in him being underpaid because Defendants required him to work during his purported meal break. *See id.* Additionally, Plaintiff alleges that, on a daily basis, Defendants rounded the number of hours that he worked down to the nearest quarter hour. *See* SAC ¶ 32. Plaintiff asserts that this practice deprived him of approximately one hour of wages per week. *See id.* Finally, Plaintiff alleges that Defendants failed to provide him with proper wage notices and wage statements, as required by the NYLL. *See id.* ¶¶ 34–35.

While Plaintiff worked primarily at La Nonna, he alleges that all non-managerial employees of Defendants 151 Mulberry St. Corp. ("Il Palazzo"), 164 Mulberry St. Corp. ("Da Nico"), P.J.'s of Little Italy, Inc. ("Pellegrino's"), and employees of non-party restaurants SPQR and Novella, were subject to the same time-shaving and rounding practices as employees of La Nonna. *See* SAC ¶¶ 6–8, 33; Leonardo Decl. ¶¶ 2–3. Plaintiff moves for conditional certification of a collective action on behalf of "all current and former non-exempt employees" who were employed by these restaurants during the six years preceding the date that Plaintiff filed the Complaint. *See* SAC ¶ 16; Notice of Mot., Dkt. 51, Ex. 1.

## DISCUSSION

### I. The Applicable Law

The FLSA permits employees to maintain an action "for and in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). In determining whether to certify a collective action, courts in the Second Circuit use a two-step process. *Myers v. Hertz Corp.*, 624

---

[1] The record is unclear as to the precise number of hours that Defendants allegedly deducted from Plaintiff's wages. While Plaintiff's declaration in support of his motion for a collective asserts that Defendants deducted one hour per day, *see* Leonardo Decl. ¶ 10, the Second Amended Complaint alleges that Defendants deducted only 30 minutes per day, *see* SAC ¶ 30. This ambiguity is not material to the Court's analysis.

F.3d 537, 554–55 (2d Cir. 2010). At the "notice stage," plaintiffs must establish that other employees "may be 'similarly situated'" to them. *Id.* at 555. To meet this burden, a plaintiff need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (citing *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). Additionally, to show that a "group of distinct but closely affiliated entities should be treated as a single employer for FLSA purposes," plaintiffs must show that the entities are a "single integrated enterprise." *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014) (collecting cases). "Under this standard, courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id.*

While a plaintiff's burden at this stage is modest, "it is not non-existent," *Fraticelli v. MSG Holdings, L.P.*, No. 13-CV-6518, 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (quoting *Khan v. Airport Mgmt. Servs., LLC*, No. 10-CV-7735, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011)), and generally cannot be satisfied by "unsupported assertions," *Myers*, 624 F.3d at 555. Nonetheless, courts employ a "low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (citing *Sbarro*, 982 F. Supp. at 261). At this first stage, therefore, courts do not examine "whether there has been an actual violation of law." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citing *Krueger v. N.Y. Tel. Co.*, No. 93-CV-178, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993)).

At the second stage, when the court has a more developed record, the named plaintiffs must prove that "the plaintiffs who have opted in are *in fact* 'similarly situated' to the named plaintiffs." *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3964, 2014 WL 5314822, at *2

(S.D.N.Y. Oct. 16, 2014) (quoting *Myers*, 624 F.3d at 555). The action may be "'de-certified' if the record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

## II. Application to This Case

### A. The Motion to Certify a Collective Is Granted in Part

Plaintiff offers sufficient evidence to conditionally certify a collective of kitchen staff (including dishwashers, cooks, bussers, and food preparers) who worked at La Nonna, Da Nico, and Pellegrino's. The Court will not include non-kitchen staff (such as servers, delivery persons, cleaning persons, counter persons, stock persons, cashiers, and waiters) in the collective, nor will the Court include employees of Il Palazzo, SPQR, or Novella.

As an initial matter, Plaintiff has offered sufficient evidence to establish that La Nonna, Da Nico, and Pellegrino's acted as a single integrated enterprise. Until June 2017, these three restaurants (and others) were owned by a single person, the deceased Annette Sabatino. *See* P. Criscitelli Mem. of Law, Dkt. 69, at 11–12; P. Criscitelli Decl. ¶ 1.[2] Additionally, Defendant Nicholas Criscitelli is listed as the principal on the liquor licenses for both Da Nico and La Nonna. *See* Pl.'s Mem. of Law, Dkt. 58, Ex. E. The restaurants are all located within one block of each other, and Plaintiff asserts that they shared supplies and employees from time to time. *See* Leonardo Decl. ¶¶ 7–9. These allegations are sufficient at this stage to establish that the restaurants operated as a single integrated enterprise.

---

[2] Defendants argue that since Sabatino's death, the restaurants are no longer owned by a single person but, rather, are owned and operated independently by Sabatino's son (Defendant Nicholas Criscitelli) and husband (Defendant Perry Criscitelli). *See* N. Criscitelli Decl., Dkt. 67, ¶¶ 3–5; P. Criscitelli Decl., Dkt. 70, ¶¶ 1, 3. These facts do not change the Court's analysis, given that Defendants advertise that the restaurants are "family-owned" and that Plaintiff asserts that the restaurants share employees and other resources. *See* Pl.'s Reply Mem. of Law, Dkt. 75, at 4.

4

Plaintiff asserts in a sworn affidavit that several kitchen employees told him that Defendants routinely deducted from their paychecks one hour of wages for a meal break each day, even though the employees were required to work during that period. *See id.* ¶¶ 11–13. Plaintiff's affidavit includes details about the timing and circumstances of these conversations. *See id.* Plaintiff asserts that these employees worked at La Nonna, Pellegrino's, and Da Nico. *See id.* These assertions are sufficient to meet Plaintiff's burden at this stage. *See Mata v. Foodbridge LLC*, No. 14-CV-8754 (ER), 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015) ("[C]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." (quoting *Hernandez v. Bare Burger Dio Inc.*, No. 12-CV-7794, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013)).

While Plaintiff moves to include *all* non-managerial employees in his collective, Plaintiff's affidavit offers no specific conversations, names, or other details to show that employees other than kitchen staff were part of a common policy that violated the FLSA. *See* Leonardo Decl. ¶¶ 3, 10. Plaintiff simply asserts that "other employees," including non-kitchen staff, were subject to time-shaving policies, without specifying these employees' identities or Plaintiff's basis of knowledge for this fact. *See id.* ¶ 10.[3] These conclusory allegations are insufficient to meet Plaintiff's burden. *See, e.g.*, *Reyes v. The Picnic Basket, Inc.*, No. 18-CV-140, Dkt. 39, at 3–4 (S.D.N.Y. May 22, 2018); *Yang v. Asia Market Corp.*, No. 17-CV-6886, 2018 WL 2227607, at 3 (S.D.N.Y. April 3, 2018).

Similarly, while Plaintiff seeks to include employees of Il Palazzo, SPQR, and Novella in the collective, Plaintiff has not offered sufficient evidence that employees of those restaurants

---

[3] While Plaintiff offers the timesheets of other employees, purportedly showing an improper one-hour break each day, Plaintiff has redacted the names of the employees from the timesheets and has not offered any information about their identities. *See* Pl.'s Mem. of Law, Dkt. 58, Ex. G. Accordingly, the Court is unable to ascertain whether these employees were kitchen workers and, thus, the timesheets do not alter the Court's analysis.

5

were subject to the same wage-and-hour practices as employees of La Nonna, Da Nico, and Pellegrino's. Plaintiff asserts that four employees told him that employees of Il Palazzo, SPQR, and Novella had told them that they were subject to the same time-shaving practices as Plaintiff. *See* Leonardo Decl. ¶ 14. These assertions are not grounded in Plaintiff's personal knowledge and do not offer sufficient factual details to meet Plaintiff's burden at this stage. Accordingly, the Court will not include employees of Il Palazzo, SPQR, and Novella in the collective.

For all these reasons, Plaintiff's motion for a collective is granted as to the kitchen staff who worked at La Nonna, Da Nico, and Pellegrino's at any time during the period beginning three years prior to the filing of the Complaint and continuing until the present.[4]

**B.     The Application for Discovery of Potential Plaintiffs' Contact Information Is Granted in Part**

Having concluded that it is appropriate to conditionally certify a collective, the Court orders Defendants to provide to Plaintiff's counsel the contact information (including names, addresses, email addresses, and telephone numbers) for all potential members of the collective. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016) ("Courts in this District commonly grant requests for the production of names, mailing addresses, email addresses, telephone numbers, and dates of employment in connection with the conditional certification of a FLSA collective action." (quoting *Martin v. Sprint/united Mgmt. Co.*, No. 15-CV-5237, 2016 WL 30334, at *19–20 (S.D.N.Y. Jan. 4, 2016))).

The Court will not order Defendants to produce the social security numbers of prospective members of the collective at this time. Given the privacy concerns implicated by disclosure of social security numbers, the Court will not compel their disclosure, absent a stronger showing of need. *See, e.g.*, *Martin*, 2016 WL 30334, at *20; *Chowdhury v. Duane*

---

[4]     The appropriate time period for the collective is discussed in more detail *infra*.

*Reade, Inc.*, No. 06-CV-2295, 2007 WL 2873929, at *6 (S.D.N.Y. Oct. 2, 2007). If, however, Plaintiff is unable to effect notice on potential members of the collective through other means, he may renew his request for the disclosure of social security numbers. *See, e.g.*, *Delaney v. Geisha NYC*, LLC, 261 F.R.D. 55, 60 (S.D.N.Y. 2009) ("The Court does not see the need to direct the disclosure of social security numbers at this stage. If Plaintiffs find that a large number of notices are returned as undeliverable, the Court can consider the matter at that time.").

  C.  **Some Aspects of the Proposed Notice Must Be Modified**

"The form of notice and its details are left to the broad discretion of this Court." *Ramos v. Platt*, No. 13-CV-8957, 2014 WL 3639194, at *5 (S.D.N.Y. July 23, 2014) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). While the Court finds that some revisions must be made to Plaintiff's proposed notice, the Court need not resolve many of Defendants' objections at this time.

First, the Court orders that the notice be directed only to employees who worked at La Nonna, Da Nico, and Pellegrino's within the three years prior to the date that the Complaint was filed and continuing to the present (*i.e.*, between April 30, 2015 and the present). Because the FLSA provides the basis for collective certification, a collective action may extend only to employees who worked for the employer within the applicable statute of limitations. FLSA claims have a statute of limitations period of two years, or three years in the case of a willful violation. *See* 29 U.S.C. § 255(a); *Keawsri v. Ramen-Ya Inc.*, No. 17-CV-2406, 2018 WL 279756, at *6 (S.D.N.Y. Jan. 2, 2018); *Iriarte v. Cafe 71, Inc.*, No. 15-CV-3217, 2015 WL 8900875, at *5 (S.D.N.Y. Dec. 11, 2015). While the NYLL provides for a six-year statute of limitations, many courts in this District have limited notices of collective actions to the past three years, citing "the confusion caused by notifying plaintiffs who potentially have two disparate claims with different statutes of limitations." *Iriarte*, 2015 WL 8900875, at *5; *see also, e.g.*,

*Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013).[5] The Court agrees with the reasoning of these cases and therefore limits the proposed notice to a three-year period. For the same reasons, the footnote in the notice regarding NYLL claims must be removed.

Next, Defendants argue that consent forms should be made returnable to the Clerk of Court, not to Plaintiff's counsel. In the Court's view, that practice would be inefficient. Courts in this District routinely allow consent forms to be returned to plaintiff's counsel when, as here, the notice explicitly informs prospective plaintiffs that they may retain their own counsel. *See, e.g.*, *Kucher v. Domino's Pizza, Inc.*, No. 16-CV-2492, 2017 WL 2987216, at *3 (S.D.N.Y. May 22, 2017); *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 486 (S.D.N.Y. 2016); *Martin*, 2016 WL 30334, at *18.

Although Defendants have not raised the issue, the language in the proposed notice relating to attorneys' fees must be modified. The proposed notice states that Plaintiff's counsel "may ask the Court" to award it "reasonable attorneys' fees" but that prospective plaintiffs who retain their own attorney "will be responsible for paying that attorney's fees and expenses." Proposed Notice, Dkt. 58, Ex. J. This language creates the misleading impression that plaintiffs who retain their own attorneys will be unable to apply to the Court for reasonable attorneys' fees. Accordingly, this paragraph must be modified to make clear that in all instances—whether prospective plaintiffs retain Plaintiff's counsel or separate counsel—prevailing plaintiffs may ask

---

[5] These courts have also noted that the proper mechanism for bringing a collective action asserting NYLL claims is a Rule 23 class action. Unlike a collective action brought pursuant to the FLSA, Rule 23 does not require prospective plaintiffs to "opt in" to the litigation; accordingly, it is unnecessary to send notices to employees who are time-barred from bringing FLSA claims and who, therefore, could only bring NYLL claims. *See Iriarte*, 2015 WL 8900875, at *5 ("Since a Rule 23 claim is an opt-*out,* not an opt-*in*, claim, no person who has claims only under the NYLL will be prejudiced if the § 216(b) notice goes only to those who will benefit from receiving it."); *Trinidad*, 962 F. Supp. 2d at 564. Plaintiff has not moved for certification of a class pursuant to Rule 23, and the Court expresses no opinion whether such a motion would be granted.

the Court to award them reasonable attorneys' fees.  It must also make clear that the decision whether to award such fees (and in what amount) will be made solely by the Court, in its discretion.

The balance of Defendants' objections to the proposed notice need not be resolved at this time.  Among other things, Defendants argue that counsel for both parties should be identified on the notice; that the notice should state that the prospective plaintiffs will not necessarily be entitled to monetary recovery; that the notice should state that Defendants deny wrongdoing; and that the notice should not be posted in their restaurants.  Plaintiff has not responded to these arguments but has indicated that he is willing to negotiate with Defendants on the proper form and means of distribution of the notice.  *See* Pl.'s Reply Mem. of Law, Dkt. 75, at 1 n.2.  The Court orders the parties to confer and to attempt to resolve these issues.  No later than **December 5, 2018**, the parties must jointly submit a revised proposed notice and a letter outlining any points of disagreement and stating whether the notice needs to be translated into languages other than English.  If the parties disagree on any particular provisions, the submission must quote each party's preferred language.

### D. Tolling of the Statute of Limitations Will Be Considered on a Case-by-Case Basis

Plaintiff requests that the Court equitably toll the FLSA's statute of limitations for potential members of the collective while Plaintiff attempts to effect notice.  Whether tolling is appropriate is best addressed on an individual basis.  *See Balderramo v. Taxi Tours Inc.*, No. 15-CV-2181, 2017 WL 2533508, at *6 (S.D.N.Y. June 9, 2017); *Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 565–66 (S.D.N.Y. 2015).  Accordingly, the Court declines to toll the statute of limitations for all prospective plaintiffs at this time, but prospective members of the collective may move for tolling, as needed, on an individual basis.

## CONCLUSION

For all the foregoing reasons, Plaintiff's motion for conditional certification of a collective is GRANTED IN PART. The Court conditionally certifies a collective of kitchen staff (including dishwashers, cooks, bussers, and food preparers) who worked at La Nonna, Da Nico, and Pellegrino's at any time between April 30, 2015 and the present. Defendants are ordered to provide to Plaintiff's counsel contact information (including names, addresses, email addresses, and telephone numbers) for all potential members of the collective. The proposed notice must be modified consistent with this Order, and the parties must confer on any remaining objections to the form or means of distribution of the notice. Equitable tolling, if necessary, will be considered on a case-by-case basis.

No later than **December 5, 2018**, the parties must jointly submit a revised proposed notice and a letter outlining any points of disagreement. If the Notice needs to be translated into a language other than English, the submission must indicate whether the parties have agreed on a proposed translation of the Notice.

The Clerk is respectfully directed to close the open motion at Dkt. 57.

**SO ORDERED.**

**Date: November 14, 2018**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**