USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEFERINO LEONARDO, on behalf of himself,
FLSA Collective Plaintiffs and the Class,

                        Plaintiff,

-against-

ASC, INC. d/b/a LA NONNA, *et al.*,

                        Defendants.

18cv3657 (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the remaining parties to this action,[1] having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before the Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). After reviewing the parties' joint letter setting forth the reasons why they believed the proposed settlement to be fair, reasonable, and adequate (Dkt. 124), as well as the proposed agreement itself (Dkt. 124-1 (the "Settlement Agreement")), this Court issued an Order, dated November 8, 2019, directing counsel for plaintiff Seferino Leonardo ("Plaintiff") to supplement the parties' submission with certain additional information to assist the Court with its fairness review (*see* Dkt. 126). After receiving counsel's response, the Court then scheduled a fairness hearing for December 19, 2019, directing that Plaintiff (who is now residing in Mexico) be made available by telephone for that conference. (*See* Dkt. 131.) Having conducted that

---

[1] By Order of the Court dated June 19, 2019, the claims of opt-in plaintiff Victorino Cruz Jimenez were dismissed without prejudice. (See Dkt. 116.)

fairness hearing on December 19, 2019, it is now hereby ORDERED, as stated on the record of the hearing, that:

1. Under the unique circumstances of this particular case – which include the fact that Plaintiff has been deported to Mexico and would likely be unable to participate or assist meaningfully in a trial of this action, and the fact that Defendants appear to have strong defenses on liability – the Court finds the total amount of the proposed settlement payment by Defendants ($5,000, to be apportioned as $3,333.33 for Plaintiff's claimed damages and $1,666.67 for Plaintiff's attorneys' fees and costs) to be fair, reasonable, and adequate to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their incurred legal fees and expenses, and the settlement amount is therefore approved. It is the Court's understanding that Plaintiff's portion of the settlement payment will be delivered to him by his nephew, Rafael Peral.

2. The remaining terms of the proposed Settlement Agreement are also approved, with the following modifications, as agreed by Defendants at the fairness hearing:

   a. Paragraph 1 of the proposed Settlement Agreement is modified to require Defendants to make the settlement payment regardless of whether Plaintiff provides them with an IRS W-9 Form and a tax identification number;

   b. Paragraph 3(a) of the proposed Settlement Agreement is modified to limit Plaintiff's release of claims against Defendants to all claims that were asserted, or that could have been asserted in this action; and

   c. Paragraphs 8 ("Non-Publication Agreement") and 9 ("Non-Disparagement) of the proposed Settlement Agreement are stricken in their entirety.

The Court notes that these modifications render the Settlement Agreement more protective of Plaintiff's rights and interests, consistent with the remedial purposes of the FLSA.

3. The Court also notes that this Order does not incorporate the terms of the parties' Settlement Agreement. Nor have the parties requested that this Court retain jurisdiction for the purpose of enforcing the Settlement Agreement. The Court has made no independent determination to retain jurisdiction, and nothing in this Court's approval of the parties' settlement under *Cheeks* should be construed as such a determination. *See Hendrickson v. United States*, 791 F.3d 354, 359-60 (2d Cir. 2015) (finding that a federal court will retain ancillary jurisdiction to enforce a settlement only where it has (1) expressly retained jurisdiction over enforcement of the agreement, or (2) incorporated the terms of the parties' settlement agreement in a court order); *see also Mao v. Mee Chi Corp.*, No. 15cv1799 (JCF), 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016) (finding no retention of jurisdiction in the context of judicial approval of an FLSA settlement, on the ground that "[i]t is not enough that the court somehow have given the settlement its 'judicial imprimatur'" (citing *Hendrickson*, 791 F.3d at 358-59)).

4. As a result of the Court's approval of the parties' executed Settlement Agreement, Plaintiff's action against Defendants is hereby discontinued with prejudice and without costs or fees to any party.

5. As a separate matter surviving the Court's fairness review and the discontinuance of Plaintiff's claims, the Court continues to have questions regarding the sufficiency of the efforts of Plaintiff's *counsel*, C.K. Lee, Esq., to obtain from Plaintiff, *prior* to the submission of the proposed Settlement Agreement to the Court, Plaintiff's express agreement to all of the terms of the Settlement Agreement, which was signed on Plaintiff's behalf by Mr. Lee. When directed

3

by the Court to "confirm[] that the entirety of the [Settlement] Agreement ha[d] been reviewed with Plaintiff (translated, if necessary, into Plaintiff's native language) and that Plaintiff ha[d] expressly authorized counsel to sign the [Settlement] Agreement on his behalf" (Dkt. 126), counsel submitted an affidavit by a paralegal, Luis Arnaud, who declared under penalty of perjury that he read the entire Settlement Agreement to Plaintiff on a date *after* the Court's Order, and had received Plaintiff's authorization to execute the agreement on his behalf at that time (Dkt. 127). At the fairness hearing – which Mr. Lee did not attend – Mr. Arnaud testified that, prior to the Settlement Agreement's execution, Mr. Arnaud had *not* similarly read the entire agreement to Plaintiff, although he believed he had explained certain of its terms. When the Court sought to inquire of Plaintiff (through a Spanish interpreter) as to whether Mr. Lee, himself, had separately gone through the entire Settlement Agreement with him and obtained his express authority to sign on his behalf, the Court found that Plaintiff's answers did not always appear to evince an understanding of the Court's questions. Under the circumstances, Mr. Lee is directed to submit to the Court, within one week of the date of this Order, an affidavit or declaration under penalty of perjury setting forth the steps that he took, as counsel, to ensure that Plaintiff was fully aware of all of the specific terms of the proposed Settlement Agreement and had authorized Mr. Lee to sign the Settlement Agreement on his behalf, prior to its submission to the Court.

Dated: New York, New York
      December 20, 2019

                                              SO ORDERED

                                              DEBRA FREEMAN
                                              United States Magistrate Judge

<u>Copies to:</u>

All counsel (via ECF)